2909.

R. SEMPLE YOUNG *v.* SCOTT & CAGE AND C. CAVAROC.

A factor can not secure his individual creditor by pledging the planter's cotton which has been confided to him for sale. That power is not conferred by act No. 150 of the acts of 1868, entitled "An Act to prevent the issue of false receipts or bills of lading and to punish fraudulent transfers of property by cotton presses, wharfingers and others." There is nothing in the statute showing any intention of the legislator to enlarge the powers of factors, or to give them the right to pledge the property confided to them for sale.

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J. A. *Voorhies* and *F. Fuselier*, for Cavaroc, appellant. *Hays & New*, for Scott & Cage. *Labatt & Aroni*, for plaintiff and appellee.

WYLY J. About the twenty-sixth of December, 1869, Scott & Cage, cotton factors, received from the plaintiff sixty-four bales of cotton for sale, he not owing them anything. On the twenty-ninth they suspended, and on the same day pledged the cotton to their creditor, C. Cavaroc, or C. Cavaroc, president of the Bank of New Orleans. The plaintiff sequestered the cotton, and it was subsequently released on bond.

The court gave judgment for the plaintiff, recognizing his ownership of the property and maintaining the sequestration.

From the judgment C. Cavaroc appeals.

The question is: can a factor secure his individual creditor by pledging the cotton of the planter which has been confided to him for sale? We think not. This court has frequently decided that the factor can not pledge, or give in payment of his own debts, property intrusted to him for sale. 17 La. 166; 1 An. 74; 19 An. 300.

But the appellant contends that that power is conferred by act No. 150 of acts of 1868, entitled "An act to prevent the issue of false re-

·ceipts or bills of lading, and to punish fraudulent transfers of property by cotton presses, wharfingers and others." If such a power were conferred by that act it would be void, because it is not covered by the title. Constitution, article 114. But we do not consider that act should be interpreted as contended for by the appellant.

It is the intention of the lawgiver which we must seek out and give effect to; and there is nothing in the statute showing any intention to enlarge the powers of factors or to give them the right to pledge the property confided to them for sale.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.