HARDY, Judge.
This is a suit for the reformation and correction of a deed of conveyance and, alternatively, the recovery of the value of improvements to the property in dispute. Named as defendants are Mrs. Mattie Fike Powell, plaintiff’s vendor, and two of her children, John A. Patrick and Mrs. Doris Powell Driever, donees of interests in the disputed tract of land under acts of donation executed subsequent to the conveyance to plaintiff.
Defendants filed exceptions of no cause or right of action, which were referred to the merits, whereupon defendants filed answer, generally denying the allegations of plaintiff’s petition and further praying for a judgment in the nature of damages for the alleged destruction of tenant houses and grafted pecan trees on the property. After trial on the merits there was judgment in favor of defendants rejecting plaintiff’s demands, from which plaintiff has appealed.
Despite some slight conflicts in testimony, the material facts pertinent to a consideration of this case have been preponderantly established. Sometime during the latter part of 1949 the defendant, Mrs. Mattie Fike Powell, widow of George Powell, deceased, expressed to one John Ducote her desire to sell a certain tract of land bequeathed to her in the will of her deceased husband, which was known as the George Powell Place or Plantation. Du-cote, after ineffective efforts to interest another party, contacted plaintiff, Claude Lee Wood, and suggested that he might be interested in purchasing the property, inasmuch as it adjoined lands owned by Wood. After some consideration of the matter Wood called on Mrs. Powell at her home near Hanna in Red River Parish, and made her an offer of $3,500 in cash for the property, which embraced some 210 acres of land, more or less. • Mrs. Powell immediately accepted the offer and accompanied Wood to Natchitoches where they first called at the offices of the Clerk and the Assessor in the effort to obtain an accurate description of the property. Failing in this attempt the parties, Wood and Mrs. Powell, then proceeded to the office of Mr. B. B. Breazeale, an attorney at law, where they advised him of their general agreement with reference to the sale and purchase of the property. Mr. Breazeale suggested the advisability of procuring a survey of the land and thereupon Mrs. Powell and Wood immediately contacted Mr. Gaiennie Hy-ams, a well known surveyor of Natchi-toches Parish. Mr. Hyams advised the parties that some years previously he had platted the property with other lands, which plat appears to have been used as the basis *337 for a partition between Walter and George Powell. The three parties went to Mr. Hyams' home, where he procured the plat, and then returned to the office of Mr. Breazeale, where the plat was examined.
During all of the above transactions, according to the testimony of the plaintiff Wood, of Ducote and of the attorney, Breazeale, all parties were acting under the impression that all of the tract of land under consideration was located in Natch-itoches Parish. There is no question as to the fact that the property constituted a well defined body of land which was located within well known and defined boundaries, namely, Squirrel Bayou on the south, Bayou Pierre on the east and north, and Deep Bayou on the west. The testimony of the witnesses named, by an overwhelming preponderance, establishes the identity of the tract of land which was clearly within the intention of Mrs. Powell to sell and Mr. Wood to purchase.
The attorney, Breazeale, requested time to make a check of the records in order to work out the description of the property. Some time the following week Mrs. Powell and Wood returned to Mr. Breazeale’s office where the transaction was completed by the signing of the deed. The property, as described in the act of sale prepared by Mr. Breazeale, described the land conveyed as follows:
“The North Half of the Northeast Quarter, Southwest Quarter of the Northeast Quarter, less twenty (20) acres sold to M. M. Powell lying West of Deep Bayou, Lot One (1) of Section Twenty-three (23), Lot One (1) of Section Thirteen (13), Lot in Section Twenty-four (24), being all of that l%nd in said Section West of Bayou Pierre, Fractional Northwest Quarter of Southeast Quarter, and Lot Seven (?) of South Half of Southeast Quarter of Section Twenty-three (23), all in Township Eleven (11) North, Range Ten (10) West, and being a portion of tile same property acquired by vendor under the last will and testament of her deceased husband as shown by judgment recorded in Conveyance Book 203, page 190 of the Conveyance Records of Natchitoches Parish, Louisiana.”
The deed was duly recorded in the records of Natchitoches Parish and plaintiff entered into possession of the property and later began extensive clearing operations for the purpose of preparing the land for use as a pasture.
By act of donation dated February 25, 1953, Mrs. Mattie Fike Powell conveyed to her son by a .former marriage, John A. Patrick, a certain tract of land described as being:
“All that portion of Section 14, East of Deep Bayou and South of Bayou Pierre, containing 50 acres, more or less * * * in Township 11 North, Range 10 West, De Soto Parish, Louisiana.”
On the same date, by act of donation, Mrs. Mattie Fike Powell conveyed to her daughter, Mrs. Doris Powell Driever, who was the sole child of her union with George Powell, deceased, an undivided one-third interest in and to the oil, gas and other minerals in and under the above described property, together with the same proportionate interest in other lands.
Both of the above donations were accepted at the time by the respective donees.
The tract of land, as described in the above act, of donation, is the property which is here in dispute and which plaintiff seeks to have incorporated in the deed from Mrs. Powell by reformation thereof, on the ground that such was the clear intention of the parties at the time of the execution of said deed, and that the omission of the tract described was an inadvertent error not only on the part of the parties themselves but through the mistake of both the surveyor and the attorney, the former in failing to designate the location of the tract as being in De Soto Parish, and the latter in failing to include the description of the *338 De Soto tract in the deed which he prepared for execution by the parties thereto.
The defendant, Mrs. Powell, contends that she intended to sell only that part of the property which was located in Natchi-toches Parish, and, as a consequence, there was no error in the preparation of the deed of conveyance to Wood. This contention must be rejected for it is evident from the testimony of Mrs. Powell that she did not know at the time that this small tract of land, which now appears to contain 29.44 acres of land and not SO acres of land, was located in De Soto Parish. Mrs. Powell’s testimony as to her knowledge of the location of the property discloses that she was only vaguely familiar with the location and that she was unaware of the effect of the location of the parish lines upon the description of the property. Additionally, the record discloses the very convincing testimony of the disinterested witnesses, Ducote and Breazeale, to the effect that Mrs. Powell intended to sell the “George Powell land” located south and west of Bayou Pierre. All parties who had any connection with the transaction were under the impression that all the property was located in Natchitoches Parish and the consequent omission in the description as formulated by Mr. Breazeale is not only easily explained but readily understood.
Reference to the plats of survey which have been filed in evidence clearly demonstrate the fact that the tract of land which is involved in this suit is an integral portion of what was known as the George Powell Lands or Plantation and was not separated by any boundaries, natural or artificial, from the remainder of the tract which was properly described in the deed by which plaintiff acquired ownership. It would appear most unreasonable to assume, in the absence of most positive and convincing •evidence, that there was intention on the part of the vendor, Mrs. Powell, to except this small tract of approximately 30 acres from the larger body of land, all of which was identified as being located within the boundaries of the three bayous as herein-above described. The fact that this particular tract was located in De Soto Parish has no bearing whatsoever upon what we regard as the well established intention of the parties, all of whom unquestionably considered the entire tract to be located in Natchitoches Parish, an error which was confirmed and perpetuated by both an able surveyor and an experienced attorney at law.
As above noted, the plaintiff took possession of the disputed tract of land and began clearing operations. It was not until some time after the acts of donation by Mrs. Powell to her son and daughter that plaintiff was informed of the fact that the 29 acre tract had not been included in his deed.
Just when Mrs. Powell, her son, John A. Patrick, and her daughter, Mrs. Driever, became acquainted with the fact that the land in De Soto Parish had not been included in the-deed to Wood is not disclosed by the record. The attorneys who appear to have represented Mrs. Powell and her son and daughter, and who first gave notice to plaintiff of the conflict in claims of ownership, by formal motion, withdrew from this case prior to trial as attorneys for the defendant Patrick.
Our study of the record has convinced us, beyond the shadow of a doubt, that it was the clear intention of Mrs. Powell to sell, and of plaintiff, Wood, to buy, the tract of land which was inadvertently omitted from the description of the property in the deed prepared by Mr. Breazeale. This being so, it follows that plaintiff would be entitled, as between himself and his vendor, Mrs. Powell, to the reformation for which he prays in this proceeding.
However, the rights of the respective parties have been somewhat complicated by the acts of donation executed by Mrs. Powell in favor of her son, Patrick, and her daughter, Mrs. Driever, who assert the protection accorded third persons under the law of registry as provided by *339 Article 2264 of the LSA-Civil Code, which reads as follows:
“No notarial act concerning immovable property shall have any effect against third persons, until the same shall have been deposited in the office of the parish recorder or register of conveyances of the parish where such immovable property is situated.”
Article 2266 of the LSA-Civil Code amplifies the provisions of Article 2264 by declaring that unrecorded sales affecting immovable property shall be considered null except as between the parties thereto, and that third persons are affected only from and after the time of recordation. It was upon the provisions of this Article 2266 that the Supreme Court predicated its holding in the famous case of McDuffie v. Walker, 125 La. 152, 51 So. 100, which is relied upon by counsel for defendants and which was cited by our learned brother of the district court in his written opinion as authority for his judgment in favor of defendants.
We are constrained to conclude that the principle of the McDuffie case has been misapplied under the facts of the instant matter. The codal provisions, as interpreted by the court in the McDuffie case, are clearly intended to protect third party purchasers who rely upon the public records. Certain exceptions to the McDuffie rule have been recognized by our courts. (Cf. discussion in XII Louisiana Law Review, 511).
In the instant case there is not the slightest showing that the gratuitous donees, Patrick and Mrs. Driever, relied upon any records, public or otherwise. The donations appear to have been conceived by the mother, Mrs. Powell, and there is not the slightest evidence that the descriptions were derived from or affected by the public records. Strictly speaking, we question the status of the defendants, Patrick and Mrs. Driever, as bona fide “purchasers”, and, in our opinion, these parties, as donees, can* claim no greater rights than their donor.
A donation falls into an entirely different category from an act of sale. So long as the donee retains ownership of the property the donation is susceptible of revocation by the donor. LSA-Civil Code, Article 1559' et seq. We think it must reasonably be-concluded that a donee is not entitled to-the benefit of the protection accorded bona fide purchasers for a valuable consideration.
In their brief counsel for defendants have quoted the provisions of LSA-R.S.. 9:2721, 272Z, defining “third parties”. Unquestionably these statutory provisions were-intended for the protection of purchasers, of mineral leases and interests, and the reasons for the adoption thereof by the legislature are clearly set forth in XI Louisiana Law Review, 32.
For the reasons assigned the judgment appealed from is annulled, set aside and", reversed and there is now judgment in favor of plaintiff, Claude Lee Wood, and against, the defendants, Mrs. Mattie Fike Powell, John A. Patrick and Mrs. Doris Powell-Driever, reforming the description of the property in that certain act of sale of date December 9, 1949, from Mrs. Mattie Fike Powell, as vendor, to Claude Lee Wood, as. vendee, by adding the following description:
“All that portion of Section Fourteen (14), Township Eleven (11) North, Range Ten (10) West, east of Deep Bayou and South o.f Bayou Pierre, containing 29.44 acres, more or less, in De Soto Parish, Louisiana.”
There is further judgment recognizing plaintiff, Claude Lee Wood, as the owner of the above described tract and confirming said Claude Lee Wood in the ownership, and possession thereof.