YARRUT, Judge.
Plaintiff appeals from a judgment dismissing its claim for $1800.00 against Defendant, Al Epstein, Inc., but allowing Plaintiff to recover only $275.00, claimed in addition to the $1800.00.
Al Epstein, individually, was made a Defendant but, by stipulation, was dismissed *2 because he was acting only as President and agent for Defendant, A1 Epstein, Inc.
Plaintiff alleges that it is a Maryland corporation and that, at some time prior to September 4, 1959, it consigned certain gear equipment for sale to Michael Zapetis, who was doing business as Diesel Parts Company, in Miami, Florida; that the shipment was strictly on consignment to be sold for account of Plaintiff; that on or about September 4, 1959 three of the gears were sold by Michael Zapetis to A1 Epstein, Inc., as per invoice dated September 4, 1959, showing that such sale was C.O.D.; that about September 9, 1959, Plaintiff notified Defendant that the equipment belonged to it, and would remain its property until sold and the purchase price paid. The list price was $600.00 for each, or $1800.00 for the three pieces.
The record shows that, instead of paying the purchase price in cash to Zapetis for remittance to Plaintiff, Defendant, having an unpaid open account against Zapetis, credited that open account with the amount due for the equipment, thus cancelling Zapetis’ open account.
Plaintiff contends that Zapetis was authorized to sell and receive payment, but not to deliver or part with title except for the purchase price, and accordingly it is entitled to recover from Defendant the $1800.00. The district court in rendering judgment for Defendant gave this reason, inter alia:
“Under the facts of this case, the plaintiff having entrusted the gears to the possession of Zapetis, who was engaged in a similar business for the. purpose of sale, and the defendant having purchased them in good faith without any previous knowledge of any in-firmaties in the title thereof, is a bona fide purchaser for value, and the Court is of the opinion that the antecedent debt owed by Zapetis to A1 Epstein, Inc. is sufficient consideration.”
In the case of William Frantz & Co. v. Fink, 125 La. 1013, 52 So. 131, it was held that one who, by the mere issuance of a credit on a pre-existing debt, acquired merchandise from a party to whom said merchandise had been consigned for sale, will not be allowed to plead estoppel when the true owner claims the merchandise, since no valuable consideration was given and the purchaser has not, therefore, worsened his position.
In Broussard v. Broussard, 45 La.Ann. 1085, 13 So. 699, it was held that for a person to be considered a bona fide purchaser and free from all vices and inequities between his vendor and the true owner, he must have parted with a valuable consideration. Defendant has parted with nothing it cannot recover from Zapetis, should Plaintiff recover herein.
LSA-C.C. Art. 2138 reads:
“If the debtor give a thing in payment of his obligation, which he has no right to deliver, it does not discharge his obligation, and the owner, of the-thing given may reclaim it in the hands of the creditor, unless the obligation has been discharged by the payment of money, or the delivery of some of those things which are consumed in the use, and the creditor has used them; in which cases neither the money nor the things consumed can be reclaimed, and the payment will be good.” ■
Since A1 Epstein, Inc. did not pay cash for Plaintiff’s merchandise entrusted for sale to Zapetis, but received it as a dation en paiement to satisfy a pre-existing debt, A1 Epstein, Inc. cannot be considered as a bona fide purchaser as against the true owner, Plaintiff.
For the reasons herein assigned, the judgment appealed from is amended, so as to increase the judgment in favor of Plaintiff from $275.00 to $2075.00, with legal interest from Judicial demand until paid; Defendant to pay all costs in both courts.
Judgment amended and affirmed.