169 So.2d 61

DIESEL EQUIPMENT CORPORATION

v.

Al EPSTEIN and Al Epstein, Inc.
No. 47099.

Nov. 9, 1964.

Rehearing Denied Dec. 14, 1964.

Steeg & Shushan, Donald A. Meyer, New Orleans, for defendant-relator.

John A. Salvaggio, New Orleans, for respondent.

HAWTHORNE, Justice.

The sole issue remaining for our decision in this case is whether the plaintiff, Diesel Equipment Corporation, is entitled to a judgment for $1800.00 against the defendant, Al Epstein, Inc. Necessary for our decision are the following facts:

One Michael Zapetis, who was indebted to the defendant Al Epstein, Inc., on an

open account, shipped to the defendant in New Orleans from Miami, Florida, three marine reduction gears, and for the price thereof received credit on his preexisting indebtedness to the defendant.[1] Zapetis was not the owner of these gears, which were actually the property of the plaintiff and had been *consigned with other property to Zapetis by plaintiff to be sold for its account.* On September 9, 1959, defendant paid to a truck line the costs of transporting the gears, as evidenced by its check of that date, but its president testified that the gears were received sometime before the date of this payment. Plaintiff, having learned of the transaction, wrote defendant a letter dated September 10, informing it that the gears in question were actually plaintiff's property until they were paid for. The date on which defendant received this letter is not disclosed, but defendant admits its receipt. After receiving the gears defendant sold them to one of its customers, but on answer to interrogatories its president stated that he did not remember the name of the customer to whom they were sold, the date of the sale, or the sale price.

After trial the district court concluded that the defendant was a bona fide purchaser for value, and accordingly rejected plaintiff's claim for $1800.00. On appeal the Court of Appeal reversed the district court and gave plaintiff judgment for the sum sought. See 159 So.2d 1. On application of defendant this court granted a writ of certiorari, 245 La. 817, 161 So.2d 283.

It is well settled by the jurisprudence of this court that a factor or commission merchant cannot pledge for, or give in payment of, his own debt property entrusted to him for sale by the true owner. Miller v. Schneider & Zuberbier, 19 La. Ann. 300; Young v. Scott & Cage, 25 La. Ann. 313; Holton & Winn v. John A. Hubbard & Co., 49 La.Ann. 715, 738, 22 So. 338; Maxwell v. W. B. Thompson & Co., 175 La. 252, 143 So. 230; see also Lallande v. His Creditors, 42 La.Ann. 705, 710, 7 So. 895. In such cases this court has recognized the right of the true owner to recover the property or its value from the creditor, and also has permitted the owner to secure an in solido judgment against the factor and his creditor to whom he has delivered the goods. For example, in Miller v. Schneider & Zuberbier, supra, plaintiff, the true owner, consigned certain property to a retail grocer to be sold for his account. The grocer transferred the property to one of his creditors. Plaintiff instituted suit against the creditor to recover the property or its value, fixed by him at a certain sum. He was granted the relief sought.

1. For the three gears defendant Epstein gave a credit of $1935.00 to Zapetis on his preexisting open account.

The defendant Epstein takes the position that the plaintiff's claim should be rejected because it was a bona fide purchaser of the gears and bought them in good faith, without notice, and for value, and cancellation of Zapetis' preexisting debt constitutes the valuable consideration required for the bona fide purchaser rule to apply. The Court of Appeal properly held that satisfaction of an antecedent debt was not the valuable consideration required for application of the bona fide purchaser rule. An annotation in 44 A.L.R. 488 gives the majority rule in such a case thus:

"In determining the rights of a purchaser of a chattel from a seller whose title thereto was defeasible, the question often arises whether a person who takes a chattel in satisfaction of a preexisting debt is a purchaser for value. While the cases are in conflict, the weight of authority is in support of the view that unless the purchaser parts with a new consideration, surrenders some security or evidence of indebtedness, or in some other manner changes his legal status to his detriment, he is not a purchaser for value.

" * * *

"The rule was tersely stated in Hamilton-Brown Shoe Co. v. Lyons (1894) 6 Tex.Civ. App. 633, 25 S.W. 805, as follows: "A bona fide purchaser may be defined as one who advances a new consideration, surrenders some security, or does some other act which leaves him in a worse position if his purchase should be set aside. The doctrine is well settled in this state that property purchased in consideration of the payment and discharge of a preexisting debt is not in law esteemed valuable. This upon the theory that, as the creditor pays nothing, consequently he loses nothing by reason of the purchase, and as to his debtor he occupies no worse position than before his purchase.' "

The Court of Appeal in support of its holding cited the case of William Frantz & Co. v. Fink, 125 La. 1013, 52 So. 131. The holding in the Frantz case is in accord with the majority rule of the common law on the issue here being discussed. The Court of Appeal pointed out that the cited case held "that one who, by the mere issuance of a credit on a pre-existing debt, acquired merchandise from a party to whom said merchandise had been consigned for sale, will not be allowed to plead estoppel when the true owner claims the merchandise, since no valuable consideration was given and the purchaser has not, therefore, worsened his position".

Defendant-relator contends that the Frantz case indicates that in certain circumstances satisfaction of an antecedent debt may constitute valuable consideration so that the bona fide purchaser rule applies. Evidently it relies on the following language in that case at p. 1033, 52 So. at p.

138: "As to the circumstances under which one who has received property in payment of an antecedent debt may be considered to have parted with value, see 26 A. & E. 1171, 1173."

The citation given by the court in the Frantz case is incorrect as to the volume; the citation should be 24 American & English Encyclopedia 1171, 1173. The bona fide purchaser rule as there stated reads:

"To constitute one a *bona fide* purchaser he must have been a purchaser for value; that is, he must have parted with value at the time of his purchase or before notice of the adverse interest sought to be enforced against him, so that in case he is deprived of the property he cannot be placed in the position he was prior to his purchase.

" * * *

"The taking of personal property in payment of a pre-existing indebtedness does not, as a general rule, render the purchaser a *bona fide* purchaser, as he is not considered to have parted with value, and if the purchaser is deprived of the property, he is in no worse condition than before his purchase. * * *

"Where property is taken by the purchaser in payment of a pre-existing indebtedness and he surrenders the security by which the pre-existing indebtedness was secured, so that it cannot be enforced, he is then considered as having parted with value so as to be entitled to protection as a *bona fide* purchaser. * * *"

Here the creditor Epstein did not surrender any security for Zapetis' indebtedness, so that the reference in the Frantz decision does not help its case.

To defeat plaintiff's claim defendant Epstein relies almost entirely on the bona fide purchaser rule, but, as we have pointed out, this rule is without application to the facts of the instant case and is not a valid defense to plaintiff's suit. Since we have reached this conclusion, plaintiff is therefore entitled to judgment in its favor for the amount prayed for, there being no issue as to this amount.

■ In the course of its opinion the Court of Appeal quoted but did not discuss Article 2138 of our Civil Code, which reads:

"If the debtor give a thing in payment of his obligation, which he has no right to deliver, it does not discharge his obligation, and the owner of the thing given may reclaim it in the hands of the creditor, unless the obligation has been discharged by the payment of money, or the delivery of some of those things which are consumed in the use, and the creditor has used them; in which cases neither the money nor the things consumed can be reclaimed, and the payment will be good."

This article is found in the title dealing with conventional obligations, in Chapter 5

which sets forth the manner in which obligations are extinguished. The article was evidently quoted for the legal principle that a debtor cannot extinguish his obligation by giving in payment to his creditor property which he does not own, and that the true owner has the right to pursue the creditor who has wrongfully been paid with his property. As applied to the facts of this case, the principle means that Zapetis did not extinguish his obligation to the defendant by giving in payment to it the property of the plaintiff, and that the plaintiff has the right to pursue the defendant which has wrongfully been paid with its property. Thus when the plaintiff recovers from Epstein, Epstein will be in the same position it was in before receiving the gears from Zapetis.

Defendant argues that plaintiff and Zapetis were engaged in a joint venture and that Zapetis had the unfettered right to dispose of the goods in question. The answer to this contention is that although Zapetis and the plaintiff may have been engaged in a joint venture for the sale of the goods, the facts do not reveal that Zapetis had any title which would enable him to dispose of the goods in satisfaction of his own preexisting indebtedness.

Defendant Epstein further argues that since it has sold the property to a third party, credit given by it on Zapetis' account should be considered as a valid payment on this account, and that accordingly Zapetis has discharged his obligation. The basis of this argument is the theory that "sold" is included in "consumed" as used in the article. Under the article the obligation of the debtor *is* discharged by the payment of money or by "the delivery of some of those things which are consumed in the use, and the creditor has used them". This article thus provides two exceptions to the principle that delivery of property which the debtor has no right to deliver does not discharge his obligation; and the defendant seeks to put its case under one of these exceptions.

Defendant's contention, however, has no merit. On its face the article does not admit of the interpretation that selling is included in the meaning of the word "consumed", for it is treating of "those things which are consumed *in the use,* and the creditor has *used* them * * *". There is no basis whatever for saying that using a thing, and by such use consuming it, includes or is synonymous with selling it.

For the reasons assigned the judgment of the Court of Appeal is affirmed; relator is to pay all costs.