UNITED STATES of America, Plaintiff,

v.

Milton F. JONES, Defendant.

UNITED STATES of America, Appellant,

v.

Charles CAMPION & Bernard Campion, Appellees.

Nos. 87–5556, 87–5575.

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1988.

Todd Foster, Sp. Asst. U.S. Atty., San Antonio, Tex., Samuel Rosenthal, Chief, Appellate Section, Crim. Div., Dept. of Justice, Washington, D.C., for U.S.

Bernard Campion, Charles Campion, San Antonio, Tex., pro se.

Before GARZA, REAVLEY and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

Bernard and Charles Campion represented Milton Jones at his trial for engaging in a racketeering enterprise. Following Jones' conviction, the district court held that certain property owned by Jones and forfeited to the government under 18 U.S.C. § 1963, was exempt from forfeiture in order to pay the Campions' reasonable attorneys' fees. The government appeals this judgment. We affirm.

**I.**

In September 1986 Jones was convicted on two counts of violating the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) & (d). By special verdict, the jury found that Jones' interest in certain real estate (the "property") was forfeitable pursuant to 18 U.S.C. § 1963(a). On November 13, 1986 the court ordered forfeiture of the property. The government gave formal notice of the court's order to individuals who had an interest in the property, in accordance with § 1963(*l*)(2).

Upon receiving notice, Bernard and Charles Campion, the attorneys who had represented Jones at trial, filed a petition requesting a hearing to determine their interests in the property, pursuant to § 1963(*l*)(2). The Campions alleged that the property had been pledged by Jones to them as compensation for legal services rendered in connection with Jones' defense. Although a hearing was set for May 7, 1987, the hearing was cancelled at the government's request. After considering the government's motion in opposition to the Campions' request for attorneys' fees, the court, relying on our decision in *United States v. Thier*, 801 F.2d 1463 (5th Cir. 1986), *as modified*, 809 F.2d 249 (1987), held that the property was exempt from forfeiture in order to pay the Campions' reasonable and legitimate legal fees. Upon the Campions' submission of a detailed statement of their attorneys' fees and information concerning the value of the property, the court found that the fees were reasonable and that the property's value was less than the amount of the fees. Consequently, the court lifted its prior forfeiture order and turned the property over to the Campions. The government did not then, and does not currently, contest the court's determination with respect to the reasonableness of the Campions' legal fees or the value of the property.

**II.**

Section 1963(a) specifies that any person who violates the criminal provisions of RICO "shall forfeit" to the United States any interest the person acquired or maintained in violation of RICO. All rights, title and interest vests in the United States at the time of the commission of the illegal act. 18 U.S.C. § 1963(c). A third party asserting an interest in forfeited property may petition the court for a hearing after entry of the forfeiture order. 18 U.S.C. § 1963(*l*)(1), (2). The Act further specifies that:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>
> > the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination. 18 U.S.C. § 1963(*l*)(6)(B).

In *United States v. Thier*, 801 F.2d 1463 (5th Cir.1986), the district court had entered a pre-trial *ex parte* restraining order which barred the disposition of certain of the defendant's assets. *Id.* at 1465. These assets had been identified in an indictment as property which arose from the defendant's criminal activity. The defendant had been indicted under the Continuing Criminal Enterprise Statute ("CCE"), 21 U.S.C. § 848 *et seq.*, and the restraining order was entered pursuant to § 853(e)(1)(A). *Id.* Thier argued that the restraint of his assets violated his Fifth and Sixth Amendment rights because he was not afforded an adversary hearing, that the court's failure to exempt assets to cover attorneys' fees violated his Sixth Amendment right to counsel, and that the court's failure to exempt assets to cover living expenses violated his Fifth Amendment due process rights. *Id.* at 1466.

We declined to consider the constitutionality of § 853(e)(1)(A), but instead held that the requirements of Fed.R.Civ.P. 65 are applicable to the issuance of restraining orders under that section. Because the court's ex parte order exceeded the hearing and durational limits set forth in Rule 65, we remanded the case to the district court with instructions to proceed in accordance with Rule 65. *Id.* at 1468–69.

We then considered whether assets to pay reasonable attorneys fees are exempt from forfeiture. After noting that the forfeiture section under CCE, 21 U.S.C. § 853(n)(6), is identical to RICO's forfeiture provision, 18 U.S.C. § 1963(*l*)(6), and considering the relevant case law, we concluded that:

> We agree with the [*United States v.*] *Bassett*, [632 F.Supp. 1308 (D.Md.1986)], [*United States v.*] *Ianniello* [644 F.Supp. 452 (S.D.N.Y.1985)], [*United States v.*] *Reckmeyer*, [631 F.Supp. 1191 (E.D.Va.1986)], [*United States v.*] *Badalamenti* [614 F.Supp. 194 (S.D.N.Y. 1985)], and [*United States v.*] *Rogers* [602 F.Supp. 1332 (D.Colo.1985)] courts

that the defense attorney's necessary knowledge of the charges against his client cannot defeat his interest in receiving payment out of the defendant's forfeited assets for legitimate legal services. As the court in *Bassett* aptly stated:

> The attorney representing a client under indictment for a RICO violation or a continuing criminal enterprise drug-related offense is certainly not "innocent" of knowledge that the money with which he is paid might be tainted. He is certainly not, however, just a bogus conduit for this money when providing *bona fide* legal services.

632 F.Supp. at 1315–16 (emphasis in original). We see no indication in the statute or the legislative history that Congress intended to exclude attorneys from bringing a third-party claim for a reasonable attorneys fee against potentially forfeitable assets in a post-conviction hearing. This is not to say that a defendant's payment of fees will always immunize such fees from post-trial forfeiture, only that a defense lawyer's knowledge of the charges against the client does not *ipso facto* disqualify the attorney's claim to be a bona fide purchaser under the RICO and CCE forfeiture provisions.

*Id.* at 1474, *as modified*, 809 F.2d at 249.

Because the right to claim attorneys' fees out of forfeited assets arises after the completion of trial and the court's ex parte restraining order was issued before trial, we instructed the court on remand, when determining whether to issue a restraining order pursuant to Fed.R.Civ.P. 65, to balance the defendant's interest in obtaining counsel against the government's interest in preventing the depletion of potentially forfeitable assets. Similarly, we held that in making this determination the court must also balance the defendant's interest in having access to funds to pay ordinary and necessary living expenses against the government's interest. *Id.* at 1474. Finally, we held that "[i]n balancing these interests, the court should ... consider whether the defendant possesses assets not subject to forfeiture that could supply living and defense expenses." *Id.* at 1475.

## III.

■ The government argues that *Thier* is inapplicable because *Thier* involved a pre-trial restraining order, while this case concerns a post-conviction claim to attorneys' fees. The government contends that the *Thier* decision was grounded upon the constitutional right to counsel, not statutory interpretation, and that the Sixth Amendment right underlying *Thier* is not implicated in this *post*-trial action because Jones has obviously enjoyed representation by counsel. Alternatively, the government argues that even if *Thier* was based upon statutory interpretation, our discussion in *Thier* of an attorney's post-conviction right to claim fees out of forfeited assets is dicta and that we are not presently bound by *Thier*. Finally, if we reject these arguments, the government seeks an order remanding the case to the district court for a hearing to determine whether Jones had any assets not subject to forfeiture from which the Campions' fees could be paid.

Our decision in *Thier* was clearly based on statutory interpretation, as evidenced by our holding that "[w]e see no indication in the statute or legislative history that Congress intended to exclude attorneys from bringing a third-party claim for a reasonable attorneys fee against potentially forfeitable assets in a post-conviction hearing." 801 F.2d at 1474. The fact that *Thier* involved a pre-trial restraining order while this case concerns a post-conviction claim to forfeited assets is of no consequence. In fact, the requirement in *Thier* that the district court on remand balance the defendant's interest in obtaining counsel against the government's interest in preventing depletion of potentially forfeitable assets had its foundation in our holding that "an attorney may demonstrate in a post-conviction hearing that he rendered legitimate services and is entitled to payment from the forfeited assets." *Id.* This holding was central to our directions to the district court on remand and was accordingly not dicta. Therefore, we are bound by *Thier*. *See Washington v. Watkins*, 655 F.2d 1346, 1354 n. 10 (5th Cir.1981), *cert. denied*, 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982) (firm rule in Fifth Circuit that a prior panel decision is binding until reconsidered and reversed by the *en banc* court).

■ The government urges that we remand this case for a hearing to determine whether Jones has non-forfeitable assets from which the Campions' legal fees could be paid. Although the district court, at the request of the Campions, set a hearing date for May 7, 1987, the hearing was cancelled at the government's request on the morning of May 7. On May 13, the government filed a motion in opposition to the Campions' request for the payment of attorneys' fees, in which the government expressly asked the court to deny the Campions' request without a hearing. In that motion, the government did not address the issue of whether Jones had other assets from which legal fees could be paid, but instead concentrated solely on the arguments advanced on this appeal. After the court rendered its decision on June 2, in which it granted the Campions' request, the government did not file a motion for reconsideration.

We recognize that the burden is on the claimant to establish an exemption to RICO's forfeiture section. To meet this burden, an attorney must establish, at the hearing required under § 1963(*l*), that the defendant does not have nonforfeitable assets from which the fees could be paid. In this case however, not only was the hearing cancelled at the government's request, but the government also expressly moved the court to rule on the Campions' request without a hearing and failed to file a motion for reconsideration after the court ruled in the Campions' favor. The government requests a hearing for the first time on appeal. Under these circumstances the government waived its right to a hearing. Furthermore, Jessie Gutierrez of the Internal Revenue Criminal Investigation Division and one of the government's case agents, testified in the criminal trial of Jones that he was the special agent primarily responsible for the money end of the investigation, and that he had investigated the assets of Milton Jones and had not

found any other assets of Jones other than the property in question. The court below was therefore not in the dark with regards to whether or not there were other nonforfeitable assets that Jones could use to pay his counsel. The government's own witness refuted the necessity of any further hearing and established that such a hearing would prove fruitless.

The judgment of the district court is AFFIRMED.

W. EUGENE DAVIS, Circuit Judge, concurring.

I concur in the court's opinion because I agree that our opinion in *Thier* requires us to reach this result. If I were free to do so, however, I would follow the recent en banc opinion of the Fourth Circuit in *In re Forfeiture Hearing of Caplin & Drysdale*, 837 F.2d 637 No. 86–5050 (4th Cir. Jan. 11, 1988). The court in *Caplin & Drysdale*, rejected the defendant's contention that the forfeiture statute exempts sums paid or committed to counsel for legitimate attorney's fees:

> [T]he language of the forfeiture statute makes no mention of attorneys' fees, either in its definition of property that is subject to forfeiture in section 853(a) and (b), or in its provision for third-party claims of exemption in section 853(n). The clear terms of the statute subject a defendant's assets to forfeiture without regard to whether he intends to use them to pay an attorney. Similarly, the statute exempts only those parties who have prior claims or bona fide purchasers, without regard to whether they are attorneys. Where, as here, a statute's language is unambiguous, the court's task of statutory construction is at an end unless enforcement of the literal language would contravene a clearly expressed legislative intention.
>
> Further, limiting forfeiture to assets transferred in sham transactions would read the bona fide purchaser requirement right out of the statute. Section 853(n) plainly says that only those who purchase property for value and without cause to believe that it was subject to forfeiture shall be exempt from an order of forfeiture. The specific listing of as-

sets in the indictment and the payment of their fee in cash gave the attorneys representing [the defendant] ample cause to know that the funds were forfeitable under 21 U.S.C. § 853.

*Id.* at 641 (citations omitted); *see also United States v. Monsanto*, 836 F.2d 74 (2d Cir.1987).

The court in *Caplin & Drysdale* also declined to find that the forfeiture statute violated rights secured to the defendant by the fifth and sixth amendments:

> We thus decline to expand the qualified right to counsel of choice to an absolute right to retain counsel with illegally acquired assets.
>
> . . . .
>
> "Criminal defendants have no sixth amendment right to demand that crime-related assets be kept available to pay for privately retained counsel. The sixth amendment guarantees only the right to use legitimate assets to obtain the assistance of counsel. If the defendant has no assets, the sixth amendment requires the appointment of counsel. It does not prevent prosecution of the indigent or require the government to provide the wherewithal to retain private counsel of choice."

*Id.* at 646. (quoting Brickey, *Forfeiture of Attorneys Fees: The Impact of Rico and CCE Forfeitures on the Right to Counsel*, 72 Va.L.Rev. 493, 533 (1986)).