IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2007

Charles R. Fulbruge III
Clerk

No. 06-30797

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LYMAN DAN WHITE, JR.

Defendant

v.

ABOUNDING LOVE MINISTRIES, INC.

Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:01-CR-173-1

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Before Defendant-Appellant Lyman D. White pleaded guilty to health care fraud, he unlawfully used Medicaid funds to purchase three lots of land in a Baton Rouge, Louisiana, subdivision and donated these lots to Abounding Love Ministries, Inc. ("Abounding Love"). As part of his plea agreement, White agreed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to forfeit his interest in any asset that was traceable to his offense, which included the three donated lots. Abounding Love does not contest the forfeiture of these lots, but instead argues that, under 21 U.S.C. § 853(n)(6)(A), it has a right, title, or interest in the improvements it made to the property and therefore should be considered a bona fide purchaser to that extent under 21 U.S.C. § 853(n)(6)(B). We hold that Abounding Love was not a bona fide purchaser for value of either the lots or of its improvements to these lots, and affirm the district court's decision to grant the government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Even though Abounding Love might obtain relief under 21 U.S.C. § 853(i)(1), which allows it to petition the United States Attorney General therefor, the courts are not the appropriate forum.[1]

## I. FACTS AND PROCEEDINGS

During a three-month period in 1999, White illegally laundered $390,000 by taking Medicaid funds paid to his drug and alcohol counseling center and depositing them into an account in the name of the center's fiscal agent. In April 2001, he used $130,000 of these funds to purchase three lots in the Melrose East Subdivision of Baton Rouge. In August 2001, White gratuitously transferred these lots to Abounding Love through Albert White, its pastor and his brother, by an Act of Donation filed and recorded in the public records of East Baton Rouge Parish. In May 2005, White pleaded guilty to health care fraud, in violation of 18 U.S.C. § 1347. As part of his plea agreement, White agreed to

---

[1] "With respect to property ordered forfeited under this section, the Attorney General is authorized to . . . (1) grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims of a violation of this subchapter, or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section . . . ." 21 U.S.C. § 853(i)(1); see also United States v. Lavin, 942 F.2d 177, 185 (3d Cir. 1991) ("For the majority of third parties . . . who assert an equitable, rather than a legal, entitlement to relief, petitioning the Attorney General for remission and mitigation remains the exclusive remedy.") (footnote omitted).

forfeit his interest in any asset that was traceable to, derived from, or a substitute for property that constituted the gross proceeds of his offense. The three lots that White had donated to Abounding Love were among the properties identified in the consent judgment of forfeiture as being derived from his fraud. The district court signed a preliminary order of forfeiture under 18 U.S.C. § 982(a)(7), which included the three lots.

In March 2006, Abounding Love received notice of the preliminary order of forfeiture, and the following month it filed a timely petition to recognize its partial interest in the three lots. The interest that Abounding Love asserted in the lots was the equivalent of its expenditures for maintenance, preservation, repair, renovation, and improvements to the lots that it had made prior to its having reasonable cause to believe that the property was subject to forfeiture. Abounding Love claimed that it was a bona fide purchaser for value to the extent of its improvement-related expenditures. In response, the government filed a Rule 12(b)(6) motion to dismiss. The district court concluded that Abounding Love had failed to allege any facts that would qualify it as a bona fide purchaser for value and that any funds it might have spent on maintenance or improvements did not constitute the purchase of an interest in the property. The court concluded that Abounding Love's petition failed to state a claim on which relief could be granted and granted the government's motion to dismiss. Abounding Love timely filed a notice of appeal.

## II. STANDARD OF REVIEW

We review a district court's dismissal pursuant to Rule 12(b)(6) de novo, employing the same standard as the district court.[2] Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain

---

[2] Gen. Elec. Capital Corp. v. Posey, 415 F.3d 391, 395 (5th Cir. 2005).

relief.[3]  A plaintiff must assert more than "conclusory allegations or legal conclusions masquerading as factual conclusions" to avoid dismissal.[4]  Rather, the complaint "must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[5]

Under 21 U.S.C. § 853(n), the legal right, title, or interest of a third party is determined by state law.[6]  Federal law determines whether that interest may be forfeited.[7]

## III.  ANALYSIS

The district court correctly determined that Abounding Love was not a bona fide purchaser for value within the meaning of 21 U.S.C. § 853(n) on the basis of the money it had spent on maintenance, improvements, and upkeep of the three donated lots.  Under this statute, only two "narrow categories"[8] of third parties may state a claim for property subject to forfeiture: (1) petitioners who had "a legal right, title, or interest" in the property superior to that of the defendant at the time the interest of the United States vested through the defendant's commission of an act giving rise to forfeiture, and (2) "bona fide

---

[3] Rios v. City of Del Rio, 444 F.3d 417, 421 (5th Cir. 2006) (internal quotation marks omitted).

[4] Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

[5] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation marks omitted).

[6] United States v. Alcarez-Garcia, 79 F.3d 769, 774 (9th Cir. 1996).

[7] United States v. Hooper, 229 F.3d 818, 820 (9th Cir. 2000); see also United States v. Lester, 85 F.3d 1409, 1412 (9th Cir. 1996) ("Once ownership interests are defined under state law, the federal forfeiture statutes determine whether these property interests must be forfeited by the Government.").

[8] United States v. Lavin, 942 F.2d 177, 185 (3d Cir. 1991).

purchaser[s] for value of the right, title, or interest in the property" who had no knowledge of the forfeitability of the property.[9] Abounding Love does not contest the forfeiture, arguing instead that, under 21 U.S.C. § 853(n)(6)(A), it has a right, title, or interest in improvements it made to the lots and therefore should be considered a bona fide purchaser under 21 U.S.C. § 853(n)(6)(B) to the extent of the cost of these improvements. As discussed below, its claim is without merit.

Abounding Love cannot be considered a bona fide purchaser of the lots under the statute, because it was a donee of the forfeited property. Louisiana law rejects Abounding Love's argument that a donee may be a bona fide purchaser for value.[10] Similarly, to qualify as a bona fide purchaser under federal forfeiture law, the claimant must have given value in exchange for property.[11] The bona fide purchaser provision in 21 U.S.C. § 853(n)(6)(B) is applicable only to purchases of the forfeiter's interest in the asset.[12] Abounding Love gave nothing of value in exchange for the underlying property, which was

---

[9] 21 U.S.C. §§ 853(n)(6)(A) & (B).

[10] See, e.g., Diesel Equip. Corp. v. Epstein, 169 So. 2d 61, 63 (La. 1964) (discussing whether purchase of personal property in payment of pre-existing debt renders purchaser bona fide purchaser, Louisiana Supreme Court noted that to be considered "bona fide purchaser" one who obtains property must have parted with value at time he obtained property); Mathews v. Mathews, 817 So. 2d 418, 421 (La. Ct. App. 2002) (noting that parties who did not pay any consideration for real property but merely accepted gratuitous donation were not purchasers for value of property); Wood v. Powell, 96 So. 2d 335, 339 (La. Ct. App. 1957) (donation "falls into an entirely different category from an act of sale," and therefore "a donee is not entitled to the benefit of the protection accorded bona fide purchasers for a valuable consideration"); see also La. Civ. Code Ann. arts 1523-1525.

[11] See, e.g., United States v. Jones, 837 F.2d 1332, 1334 (5th Cir. 1988); see also U.C.C. § 1-201(44).

[12] See, e.g., United States v. Soreide, 461 F.3d 1351, 1354 (11th Cir. 2006) (noting that because § 853(n)(6)(B) exists to protect purchasers of defendant's interest in asset, parties who purchased interest in properties subject to forfeiture from third party seller are not protected by provision).

not purchased but instead was received by gratuitous donation from White. Thus, Abounding Love cannot be classified as a bona fide purchaser of the lots.

Abounding Love does not assert, however, that it was a bona fide purchaser of the underlying immovable property, but a bona fide purchaser of the improvements it made to the property. It claims to have an interest that entitles it to relief by virtue of having made subsequent improvements to the lots, not an interest in the lots themselves. Abounding Love may be considered a bona fide purchaser under § 853(n)(6)(B) only if it purchased or paid valuable consideration for White's interest in the property. But White had an interest only in the underlying immovable property; he never had any interest in the improvements that Abounding Love made subsequent to White's divestiture of all interest in the lots.[13] Even if, arguendo, Abounding Love had paid valuable consideration for the lots, it could not be considered a bona fide purchaser of the improvements, because White never had any interest in the post-donation improvements to the lots.

## IV. CONCLUSION

We hold that Abounding Love is not entitled to relief under § 853(n)(6)(B) for its improvements to the three donated lots. Abounding Love failed to present a valid claim for relief in the forfeiture proceeding, because it was not a bona fide purchaser for value of the underlying property or the improvements to it. Abounding Love might be entitled to petition the Attorney General for discretionary relief under 21 U.S.C. § 853(i)(1), but the instant claim for relief must be denied and the judgment of the district court granting the government's motion to dismiss for failure to state a claim AFFIRMED.

---

[13] In its brief, Abounding Love expressly concedes that White had "no interest whatsoever in the improvements to the lots because they were made at Appellant's expense, after Lyman White divested himself of his interest by donation."