[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12559

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 24, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-60235 CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LYNN SOREIDE,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 24, 2006)**

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Lynn Soreide appeals a grant of summary judgment to the United States in an

ancillary action following a preliminary order of criminal forfeiture of her husband's

interest in certain property. We find no error and affirm the summary judgment.

# I. BACKGROUND

Lynn Soreide is the former wife of Arne Soreide, a Norwegian national. Arne Soreide was convicted of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371; filing a fraudulent tax return, in violation of 26 U.S.C. § 7206; filing a fraudulent corporate tax return, also in violation of 26 U.S.C. § 7206; multiple counts of mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343; money laundering, in violation of 18 U.S.C. § 1956; and engaging in prohibited monetary transactions, in violation of 18 U.S.C. § 1957. Arne Soreide committed his acts of fraud and money laundering as part of a grand scheme involving his telecommunications company, Accutel Communications ("Accutel").

The superseding indictment included a forfeiture allegation that stated that, as a result of the crimes alleged, Arne Soreide would forfeit to the United States all property involved in or traceable to property involved in the alleged crimes. (Appeal No. 05-15344, R.1-44 at 22-23.) After finding Arne Soreide guilty as charged, the jury issued a special verdict finding that $7.5 million in U.S. currency and the real property located at 195 Alexander Palm Road, Boca Raton, Florida ("the Soreide residence") constituted property involved in or traceable to Arne Soreide's money laundering and prohibited monetary transactions crimes. (Appeal No. 05-15344, R.2-129.) When the district court sentenced Arne Soreide, it entered a preliminary order

of forfeiture naming his interest in: (1) the Soreide residence, and (2) $7,500,000.00 in U.S. currency (the "money judgment"). (R.1-155 at 2-3.)

The district court then entered a series of amended preliminary orders of forfeiture. The first of these identified Arne Soreide's interest in the proceeds of the sale of a Days Inn and Suites Hotel located in Jacksonville, Florida (the "hotel"), as substitute property to be forfeited in partial satisfaction of the money judgment.[1] (R.1-159.) The court's second and third amended preliminary orders of forfeiture named Arne Soreide's interest in the proceeds of an insurance policy in the sum of $99,327.98 in United States currency, (R.1-175), and his interest in the proceeds of the sale of 550 SE 9th Street, a/k/a 980 SE 5th Avenue, Delray Beach, Florida (the "Delray Beach property") as additional substitute assets for the money judgment. (R.1-178.) None of the preliminary orders of forfeiture mentioned a Suntrust Bank account numbered 1000019189546, which contained the proceeds of the sale of a vacant lot next to the hotel (the "vacant lot"), or two office buildings located at 100 and 150 Sample Road, Pompano Beach, Florida (the "Pompano Beach properties").

---

[1]The criminal forfeiture statutes provide for forfeiture of substitute assets of the defendant if the property involved in or traceable to the crime is not available for forfeiture. 21 U.S.C. § 853(p). Third parties may contest the forfeiture of these substitute assets in the same way as they may contest the forfeiture of assets involved in or traceable to the crime. *See* 21 U.S.C. § 853(n); *United States v. Morgan*, 224 F.3d 339, 341 (4th Cir. 2000).

3

Lynn Soreide was not implicated in Arne Soreide's criminal activity. Prior to Arne Soreide's conviction, Lynn Soreide was not employed but held the title of president of Accutel. Her only income was an "owner's draw" that she received from Accutel. All of the properties that are the subject of this appeal were purchased in Lynn Soreide's name or in the name of a company of which she was president. And, all of the properties were purchased with the proceeds of Accutel's fraudulent business or loans secured by mortgages on properties that were purchased with those proceeds.

Lynn Soreide filed two separate sworn petitions pursuant to 21 U.S.C. § 853(n), asserting interests in all of the properties named in the preliminary orders of forfeiture except the life insurance proceeds. Despite the fact that the vacant lot and Pompano Beach properties were not mentioned in any of the court's preliminary orders of forfeiture, Lynn Soreide also asserted interests in those properties. (*See* R.1-169 ¶¶ 8, 10.) In both petitions, Lynn Soreide stated that she held interests in all of the properties she identified "because [she] was a bona fide purchaser for value of the right, title, or interest in the subject properties." (R.1-169 ¶ 11; R.1-204 ¶ 8.)

Three months after Lynn Soreide filed her first petition, the Government filed a motion for summary judgment seeking dismissal of the petitions and forfeiture of all of the properties, including the vacant lot and the Pompano Beach properties. The

4

district court granted the Government's motion for summary judgment; dismissed Lynn Soreide's petitions with prejudice; and ordered forfeiture of the residence, the hotel, the Delray Beach property, the vacant lot, and the Pompano Beach properties. (R.1-236; Appeal No. 05-15344, R.3-247.)

## II. ISSUES ON APPEAL AND CONTENTIONS OF THE PARTIES

On appeal, Lynn Soreide contends that the district court erred in granting the Government summary judgment and ordering forfeiture of the residence, the hotel, and the Delray Beach property because: (1) at the time of the acts giving rise to the forfeitures, she held an ownership interest in at least some portion of each of the properties superior to her husband's interest, or, alternatively, (2) she was a bona fide purchaser for value of at least some portion of each of the properties. She does not quantify the extent of her asserted interests. Lynn Soreide also contends that the forfeiture of the vacant lot violated her due process rights because, prior to the final order of forfeiture, she had no notice that the vacant lot was subject to forfeiture.

The Government responds that Lynn Soreide's claim that she held any interest superior to Arne Soreide's interest in the properties is time barred because she failed to identify that basis for her asserted interest in her petitions. The Government also argues that, because all the monies used to purchase the properties were the proceeds of (or traceable to the proceeds of) Arne Soreide's crimes, Lynn Soreide could not

5

hold a superior interest in any of the properties at the time of the acts giving rise to the forfeiture. Finally, the Government argues that Lynn Soreide cannot establish that she was, within the meaning of 21 U.S.C. § 853(n)(6)(B), a bona fide purchaser of any of the properties. As to the vacant lot, the Government contends that Lynn Soreide's claim that she lacked notice of that property's impending forfeiture is belied by the district court record as Lynn Soreide raised her interest in that property in her first petition and litigated the nature and extent of her interest throughout the proceedings in the district court.

## III. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same legal standards used by the district court. *See, e.g.*, *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "'there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1271 (11th Cir. 2001) (quoting Fed. R. Civ. P. 56(c)).

## IV. DISCUSSION

Arne Soreide's property was forfeited under a federal statute providing for forfeiture of a convicted defendant's property as part of his sentence for money

6

laundering and prohibited monetary transactions. *See* 18 U.S.C. § 982(a)(1).[2] That statute incorporates the standards and procedures outlined in the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 853. *See* 18 U.S.C. § 982(b)(1).

Pursuant to 21 U.S.C. § 853(n), a third party wishing to assert an interest in property subject to a preliminary order of criminal forfeiture has thirty days to petition for adjudication of that interest. The petition must be signed under penalty of perjury and must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). The district court conducts a proceeding to adjudicate the interest asserted in the petition. 21 U.S.C. § 853(n)(2).

Unlike the civil forfeiture statutes, the criminal forfeiture statutes contain no provision for an "innocent owner" defense for third parties. Instead, under 21 U.S.C. §853(n)(6), "third party petitioners can establish their interest in forfeited property in only two ways." *United States v. Kennedy*, 201 F.3d 1324, 1328 (11th Cir. 2000)

---

[2]The statute provides, "The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of [Title 18], shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

7

(citing *United States v. Reckmeyer*, 836 F.2d 200, 203 (4th Cir. 1987)). To obtain relief from a preliminary order of forfeiture, a petitioner must prove either: (1) at the time of the acts giving rise to the forfeiture of the subject property, she held some interest in the property superior to the interest of the defendant, *see* 21 U.S.C. § 853(n)(6)(A); or (2) she was a bona fide purchaser for value who purchased an interest in the subject property without cause to believe that the property was subject to forfeiture. *See* 21 U.S.C. § 853(n)(6)(B).

### A. The Residence, Hotel, and Delray Beach Property

On appeal, Lynn Soreide challenges the summary judgment and final order of forfeiture as to the residence, the hotel, and the Delray Beach property based on both 21 U.S.C. § 853(n)(6)(A) (the superior interest provision) and 21 U.S.C. § 853(n)(6)(B) (the bona fide purchaser provision). We address these challenges in turn.

#### 1. 21 U.S.C. § 853(n)(6)(A): The Superior Interest Provision

Lynn Soreide argues now, as she did in response to the Government's motion for summary judgment, that the properties should not have been forfeited to the United States because she had some (unquantified) interests separate and apart from (and therefore, superior to) Arne Soreide's interests in the properties. She asserts the superiority of these interests based on her contentions that she signed the purchase

contracts for the properties, she incurred liabilities by signing mortgages on the properties, she held title to the properties in her own name, and she had interests in the properties created under Florida law (namely, a spousal interest in the properties as marital assets and a homestead right in the residence). The district court addressed these arguments in its summary judgment order and found each to be meritless. For the reasons stated below, we do not reach the merits of these arguments.

The criminal forfeiture statute allows third parties to assert their interests in properties subject to forfeiture through the filing of a sworn petition, within thirty days of the publication of the impending forfeiture or of the third party actually receiving notice of the impending forfeiture, whichever is earlier. 21 U.S.C. § 853(n)(2). The petition must state the basis for the third party's claim to any interest in the subject property. 21 U.S.C. § 853(n)(3).

Lynn Soreide filed two timely petitions pursuant to 21 U.S.C. § 853(n). In neither petition did she assert that she held an interest in any of the properties superior to (or to the exclusion of) her husband's interest in those properties at the time of the acts giving rise to forfeiture. Rather, both petitions recount the facts of Lynn Soreide's purchases of the properties and base her claims of interest in the properties solely on her alleged status as bona fide purchaser. Thus, to the extent that Lynn Soreide's claims to the properties rest on her contention that she held interests

9

in those properties that were superior to the interests of Arne Soreide at the time of the acts giving rise to forfeiture, those claims are belated. We will not vacate the summary judgment nor provide relief from the final order of forfeiture based upon a claim that was not asserted as required by the statute. *C.f. United States v. Strube*, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999) (denying claims of third parties as untimely when those claims were not made in petitions but in response to government's motion to dismiss).

2. 21 U.S.C. § 853(n)(6)(B): The Bona Fide Purchaser Provision

We do address the merits of the claims that were included in the petitions– that Lynn Soreide acquired an interest in each of the forfeited properties because she purchased them as a bona fide purchaser for value. The criminal forfeiture statutes allow a third party to avoid forfeiture of her interest in an asset if that third party establishes that she purchased that interest for fair market value without reasonable notice that the asset was subject to forfeiture. 21 U.S.C. § 853(n)(6)(B).

However, 21 U.S.C. § 853(n)(6)(B) is of no help to Lynn Soreide in this case. That provision exists only to protect subsequent purchasers of "*the defendant's interest*" in an asset. *Kennedy*, 201 F.3d at 1330 (emphasis in original); *see also Reckmeyer*, 836 F.2d at 208 (interpreting the statute to reach "persons who [gave] value *to the defendant* in an arms'-length transaction with the expectation that they

10

would receive equivalent value in return.") (emphasis added). Lynn Soreide does not contend that she purchased an interest in any of the properties from Arne Soreide. Indeed, she admits that each of the properties was purchased from a third party seller. Thus, Lynn Soreide is not the type of bona fide purchaser that 21 U.S.C. § 853(n)(6)(B) protects.

For the foregoing reasons, we affirm the grant of summary judgment as to the residence, hotel, and Delray Beach property.

## B. **The Vacant Lot**

Lynn Soreide contends that the forfeiture of the vacant lot violated her rights to due process. She contends that she had no knowledge, before the final order of forfeiture, that the vacant lot might be forfeited. More specifically, she contends that the vacant lot was not mentioned in any of the petitions or in the pleadings relating to summary judgment and that it was added into the final order of forfeiture "*literally* without prior notice or an opportunity to be heard." (Appellant's Opening Brief at 24). The Government contends that Lynn Soreide had sufficient notice of the vacant lot's impending forfeiture because she herself raised the issue of her interest in that property in her first petition for an ancillary proceeding.

Contrary to Lynn Soreide's contentions on appeal, review of the record demonstrates that she had not only notice but actual knowledge that the vacant lot

11

might be forfeited. Indeed, as the Government points out, Lynn Soreide's first petition identified the vacant lot and set forth the facts surrounding its purchase, in the same way as the petition discussed the properties listed in the district court's preliminary order of forfeiture. And, the Government's motion for summary judgment discussed the vacant lot and argued that Lynn Soreide had no interest in that property that might prevent forfeiture. (Appeal No. 05-15344, R.3-207 at 6-7.) Lynn Soreide's response to that motion for summary judgment reiterated her claim to an interest in the vacant lot but did not complain that the vacant lot was not a proper subject of forfeiture because it was not listed in any preliminary order of forfeiture. (R.3-231 at 5.) Finally, before the final order of forfeiture was entered, the district court granted the Government's motion for summary judgment in an order that discussed the vacant lot and found that Lynn Soreide had no interest in that property that would prevent forfeiture. (R.3-236 at 7.)

In short, the record demonstrates that Lynn Soreide's due process rights were not violated with respect to the forfeiture of the vacant lot. She had notice that the vacant lot was at issue in the ancillary proceeding and presented arguments to the district court as to why that property should not be forfeited to the United States. These arguments were considered and rejected by the district court.

## V. CONCLUSION

For the foregoing reasons, the summary judgment is AFFIRMED.

AFFIRMED.