[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 7, 2007
THOMAS K. KAHN
CLERK

No. 06-11078
Non-Argument Calendar

_____

D. C. Docket No. 05-20144-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISABEL GUERRA on behalf of her
minor daughter, Vanessa Rodriguez,
JUAN PAULA,
ISABEL SANTOS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 7, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

This is an appeal by Isabel Guerra, on behalf of her minor daughter, Vanessa Rodriguez; Juan Paula, Guerra's husband; and Isabel Santos, Guerra's mother, from an ancillary forfeiture proceeding in which the district court denied the appellants' third-party claims as to various properties subject to criminal forfeiture as the result of Guerra's criminal convictions.[1] On appeal, the appellants challenge the court's order on the grounds that they are innocent owners and bona fide purchasers for value of the claimed properties.[2] For the reasons set forth more fully below, we affirm.

The properties included in the preliminary order of forfeiture included Guerra's right, title and interest in:

(1)    A piece of real property located at 192 La Paloma Road, Key Largo, Florida ("La  Paloma property")

(2)    A 2004 GMC Yukon ("Yukon")

(3)    A 2001 Chevrolet 3500 ("Chevrolet")

---

[1] Guerra's direct appeal is currently pending before the Court.  We previously dismissed this appeal, in part, for lack of jurisdiction to the extent that Guerra sought to appeal on her own behalf.

[2] For the first time on appeal, the appellants also challenge the forfeiture of their interests on the grounds that the forfeiture is constitutionally excessive.  Because this argument is raised for the first time on appeal, we do not consider it.  Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994).  Before the district court, only the forfeiture of Guerra's property was challenged as constitutionally excessive.  Guerra, however, is no longer a party to this appeal.  To the extent that the appellants seek to raise an excessive fines claim on Guerra's behalf, they lack third-party standing because there is no hindrance to Guerra's own assertion of this claim in a direct appeal. See Harris v. Evans, 20 F.3d 1118, 1122 (11th Cir. 1994) (en banc).

2

(4)     A 2003 34' Donzi Vessel ("Donzi Vessel")

(5)     A 2002 Suzuki motorcycle ("Suzuki")

(6)     All funds on deposit and interest accrued for Bank of America account number 3673304237 ("Bank of America account 1")

(7)     All funds on deposit and interest accrued for Bank of America account number 91000045965339 ("Bank of America account 2")

(8)     All funds on deposit and interest accrued for Interamerican Bank account number 450009683 ("Interamerican Bank account")

(9)     All funds on deposit and interest accrued for First Union National Bank account number 9983798061 ("First Union account")

(10)    All funds on deposit and interest accrued for Washington Mutual bank account number 39300004505691 ("Washington Mutual account")

all of which the jury found constituted or were derived from proceeds traceable to the commission of health care fraud.

We review the district court's findings of fact for clear error, and the court's conclusions of law de novo.  See United States v. Watkins, 320 F.3d 1279, 1281 (11th Cir. 2003).  Guerra was convicted, inter alia, of health care fraud and conspiracy to commit health care fraud, under 18 U.S.C. §§ 371, 1347.  "The court, in imposing sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense."  18 U.S.C. § 982(a)(7).  Forfeiture proceedings under this provision are

3

governed by 21 U.S.C. § 853.  18 U.S.C. § 982(b)(1).

Section 853(n)(6) provides only two ways in which third-party claimants can establish their interest in forfeited property.  United States v. Soreide, 461 F.3d 1351, 1354 (11th Cir. 2006).  Under this section,

> [i]f, after the hearing [on the third-party claimant's petition], the court determines that the petitioner has established by a preponderance of the evidence that–
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

Id. § 853(n)(6)(A), (B).  Although proceedings under § 835(n) arise in the context of a criminal forfeiture, ancillary forfeiture proceedings are civil proceedings for the purposes of appellate review.   See United States v. Gilbert, 244 F.3d 888, 907 (11th Cir. 2001).[3]

---

[3] Although Gilbert considers 18 U.S.C. § 1963(l), the RICO forfeiture provision, this provision is substantially identical to § 853(n) and our analysis of one provision is equally applicable to the other.   See Gilbert, 244 F.3d at 906 n.47, 907.

As an initial matter, we dispose of claims that are not properly before us. We do not consider appellants' challenge to the forfeiture order based on their arguments that the evidence was insufficient to support Guerra's convictions, as it is raised for the first time in their reply brief. Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1330 n.2 (11th Cir. 2006). We do not consider appellants' claims to funds that were in various bank accounts before the beginning of the charged conspiracy. The only claimant seeking the return of these funds in the district court was Guerra, who is not a party to this appeal. To the extent that the appellants now assert a claim against this property (with the exception of Santos's asserted interest as an innocent owner or bona fide purchaser in the First Union account discussed below), we do not consider this claim because it is raised for the first time on appeal, Narey, 32 F.3d at 1526-27, and it was not properly asserted under § 835(n) in a timely filed petition before the district court, see 21 U.S.C. § 853(n)(2); Soreide, 461 F.3d at 1355 ("We will not vacate the summary judgment nor provide relief from the final order of forfeiture based upon a claim that was not asserted as required by the statute."). Santos also makes a claim to $200,000 from the sale of two pieces of real property she owned, which was used to pay off the mortgage on the La Paloma property as well as the excess amount of money from the sale. The district court denied this claim, inter alia, because it was

5

untimely and unverified. As Santos does not challenge this finding on appeal, she has abandoned the issue. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998). Moreover, as Santos raised this claim on December 22, 2005, over three months after the notice of forfeiture was published in the form of a post-trial unverified motion for partial adjudication of the La Paloma residence, we will not grant relief on appeal. See Soreide, 461 F.3d at 1355.

We now turn to the appellants' arguments that they are innocent owners and bona fide purchasers of the claimed assets. Unlike the civil forfeiture scheme, 21 U.S.C. § 853 does not contain a provision protecting innocent owners. Soreide, 461 F.3d at 1354; United States v. Jimerson, 5 F.3d 1453, 1455 & n.4 (11th Cir. 1993). As a result, we have rejected a claim under § 853(n) based on an assertion of innocent ownership. Jimerson, 5 F.3d at 1455 & n.4. Accordingly, the appellants cannot prevail on the theory that they are innocent owners.

They fare no better under the bona fide purchaser provision. The bona fide purchaser provision is only applicable to purchases of the defendant's interest in the asset and does not protect purchases from a third-party seller. Soreide, 461 F.3d at 1356. "[T]he term bona fide purchaser . . . is generally understood to mean [o]ne who has purchased property for value without notice of any defects in the title of the seller." Watkins, 320 F.3d at 1283 (citation, emphasis, and quotation

6

marks omitted) (omission and second alteration in original). Unsecured or general creditors are not bona fide purchasers within the meaning of § 853(n)(6)(B). Id.

As to the La Paloma residence, the district court did not clearly err in determining that Paula did not give consideration for the transfer of Guerra's interest in the La Paloma property on September 2, 2003. Although Paula made improvements to the property, he testified that his work on the La Paloma property was his contribution to the marriage and he did not expect to be paid. Although the parties stipulated that Guerra's interest was quit claimed for one dollar, Guerra testified that Paula did not pay her any money in return for the conveyance. As to Paula's argument that "love and affection" was consideration that supported the transfer, there is no evidence in the record on appeal that this was incorporated as part of the consideration for the transfer. In addition, the district court did not clearly err in finding that Paula was not reasonably without cause to believe that the property was subject to forfeiture. Guerra transferred her interest in the property on September 2, 2003, months after both a temporary restraining order enjoining Guerra from alienating or disposing of any assets obtained as a result of the health care fraud or acquired by her after January 2000, and a preliminary injunction consistent with the temporary restraining order went into effect in a civil suit brought by the government, by which time Paula had attended seven hearings

7

on the preliminary injunction, and had appeared before the grand jury to produce patient files from one of Guerra's companies.

As to the Chevrolet, Paula's status, if any, as a bona fide purchaser on the original date of purchase based on the trade-in of the 1997 BMW is irrelevant to whether he was a bona fide purchaser under § 853(n)(6)(B). See Soreide, 461 F.3d at 1356. Based on Guerra's testimony that Paula paid her nothing in consideration for transferring the title of the Chevrolet, the district court did not clearly err in finding that no consideration was given to Guerra in exchange for her transfer of the title.

As to the Suzuki motorcycle, it is unclear whether the district court credited Guerra's testimony, as sufficient to establish by a preponderance of the evidence, that Paula gave her $8,000 in cash to pay for the motorcycle. If the court did not, it did not clearly err in doing so, as Guerra could not remember when Paula gave her the money, Paula did not corroborate this testimony, and a copy of the alleged deposit slip was not introduced. Even if the court credited Guerra's testimony, it did not clearly err in finding that no consideration was given to Guerra in exchange for her transfer of the title. First, Guerra testified that Paula gave her nothing in exchange for the transfer of the title. Second, there was no evidence that the payment of the $8,000 was intended as consideration for legal title.

As to the Donzi vessel, Guerra testified that Paula did not give her any cash or consideration in exchange for the Donzi vessel and that it was a gift from her to Paula. Accordingly, the district court did not clearly err in finding that Paula did not give consideration for the transfer of Guerra's interest.

As to the bank accounts, there is no evidence that any of the appellants gave any consideration for any interest Guerra may have had in the accounts or in the funds deposited in the accounts. Accordingly, the district court did not clearly err in finding they cannot prevail under § 853(n)(6)(B).

In light of the foregoing, we hold that an innocent owner defense is not available to the appellants and that the district court did not clearly err in finding that they were not bona fide purchasers for value within the meaning of § 853(n)(6)(B). Accordingly, the district court's denial of appellants' third-party claims is

**AFFIRMED.**