[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10626
Non-Argument Calendar

_____

D. C. Docket No. 03-00087-CR-T-16-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IZHAK COHEN, a.k.a. Zuka, etc.,

Defendant,

LIMOR TEVET,

Movant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 13, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Limor Tevet appeals the district court's denial of her third-party claim to $426,900 subject to forfeiture as a result of Izhak Cohen's conviction for conspiracy to possess with intent to distribute ecstasy, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). We address Tevet's issues on appeal in turn.

## I.

Tevet first asserts the district court erred in admitting the transcript of the preliminary forfeiture hearing, specifically the testimony of a jailhouse informant, because the informant did not appear at her ancillary hearing and, thus, was not subject to cross-examination. Citing the three-part balancing test articulated in *Mathews v. Eldridge*, 96 S. Ct. 893 (1976), Tevet contends the district court violated her right to due process and should have employed different procedures, specifically by (1) allowing her to cross-examine the informant at the preliminary hearing, (2) allowing her to cross-examine the informant at the ancillary hearing, or (3) refusing to admit the informant's prior testimony.

In *Mathews*, the Supreme Court set forth three factors to be considered in determining whether procedures in administrative proceedings comport with due process. 96 S. Ct. at 903. These factors include: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional

2

or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*. We have applied the *Mathews* analysis to determine whether procedures used in civil proceedings satisfy due process. *See United States v. Wattleton*, 296 F.3d 1184, 1198 (11th Cir. 2002).

Pursuant to 21 U.S.C. § 853(k), "[e]xcept as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture . . . may . . . intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section." Under 21 U.S.C. § 853(n)(5), at the hearing on petitioner's claim to the forfeited property,

> the petitioner may testify and present evidence and witnesses on [her] own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.

The testimony of the jailhouse informant and other witnesses at the preliminary forfeiture hearing was a relevant and necessary part of the record in the underlying criminal case and the district court did not abuse its discretion in considering it pursuant to 21 U.S.C. § 853(n)(5). *See Tampa Bay Shipbuilding &*

3

*Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1216 (11th Cir. 2003) (stating we review a district court's evidentiary rulings for an abuse of discretion). Importantly, Tevet does not argue that § 853 itself is unconstitutional. Rather, Tevet argues that § 853 should be interpreted to extend her right to cross-examine witnesses at the ancillary hearing to all adverse evidence presented throughout the course of the forfeiture proceedings. The record indicates, however, that Tevet was only denied the opportunity to cross-examine the jailhouse informant insofar as she was statutorily barred from intervening in the preliminary forfeiture hearing pursuant to 21 U.S.C. § 853(k). Under § 853(n), Tevet had the opportunity to address these circumstances at the ancillary hearing on her claim by presenting the jailhouse informant as a witness. Tevet chose not to avail herself of that opportunity. When weighed against the Government's interest in enforcing criminal forfeiture penalties, Tevet has failed to demonstrate that the district court's application of the procedures in 21 U.S.C. § 853 violated her due process rights. *See Mathews*, 96 S. Ct. at 903.

## II.

Tevet next asserts she had a superior "legal right, title, or interest" in the money, noting she was the only person to assert a claim as to the money in the safe deposit box and asserting she was the only person who had access to the box,

which was registered to her parents. She further contends the district court erroneously imposed a heightened standard of proof, requiring her to establish "a nexus" between her conduct and the money in order to determine whether the money belonged to her.

Cohen was convicted of conspiracy to possess with intent to distribute ecstasy, 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). Pursuant to 21 U.S.C. § 853(a),

> [a]ny person convicted of a violation of this subchapter . . . punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law–
>
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

Section 853(n)(6) provides two ways in which third-party claimants can establish their interest in forfeited property. *United States v. Soreide*, 461 F.3d 1351, 1354-55 (11th Cir. 2006). Under this section,

> [i]f, after the hearing [on the third-party claimant's petition], the court determines that the petitioner has established by a preponderance of the evidence that–
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the

5

petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section;

. . .

the court shall amend the order of forfeiture in accordance with its determination.

*Id*. § 853(n)(6). Once this proceeding concludes, the district court enters a final order of forfeiture. Fed. R. Crim. P. 32.2(c)(2). Although proceedings under § 853(n) arise in the context of a criminal forfeiture, ancillary forfeiture proceedings are civil proceedings for the purposes of appellate review. *See United States v. Gilbert*, 244 F.3d 888, 907 (11th Cir. 2001).[1]

The district court did not use a heightened standard of proof, and did not clearly err in finding Tevet failed to satisfy her burden to establish by a preponderance of the evidence that she had a superior interest in the $426,900 subject to forfeiture. *See United States v. Watkins*, 320 F.3d 1279, 1281 (11th Cir. 2003) (stating in a third-party forfeiture case, we review the district court's findings of fact for clear error, and the court's conclusions of law *de novo*). Tevet's evidence in support of her claim consisted of the conclusory statement that the money belonged to her and her parents, and handwritten "ledgers" that failed to

---

[1] Although *Gilbert* considers 18 U.S.C. § 1963(l), the RICO forfeiture provision, this provision is substantially identical to § 853(n) and our analysis of one provision is equally applicable to the other. *See Gilbert*, 244 F.3d at 906 n.47, 907.

corroborate her assertions. Tevet made a number of inconsistent statements concerning the amount of money kept in the safe deposit boxes and its sources. Tevet did not submit any documents to support her assertions, such as her parents' will, the power of attorney, tax records, or other business records. Tevet also made inconsistent statements concerning the number of safe deposit boxes. Moreover, the deposits identified by Tevet did not account for the $426,900 ultimately found in the boxes. Tevet also made several inconsistent statements concerning her knowledge of Cohen's identity and his residence throughout the course of the proceedings. Based on the evidence in the record, the district court made an entirely plausible finding when it ultimately determined that Tevet was not credible, and Tevet is unable to overcome the presumption in favor of the district court's finding on appeal. *See United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) (stating we defer to a district court's credibility determinations beyond clear error and will affirm the finding as long as it was plausible).

**AFFIRMED.**