**UNITED STATES of America**

v.

**Sikander KERMALI.**

**Case No. 6:13–cr–150–Orl–41KRS.**

United States District Court,
M.D. Florida,
Orlando Division.

Signed Nov. 10, 2014.

Filed Nov. 12, 2014.

Vincent Chiu, Nicole M. Andrejko, U.S. Attorney's Office, Orlando, FL, for United States of America.

Michael Howard Lafay, Nejame, Lafay, Jancha, Ahmed, Barker, Joshi & Moreno, PA, Orlando, FL, for Sikander Kermali.

## ORDER

CARLOS E. MENDOZA, District Judge.

THIS CAUSE is before the Court on the United States' Motion for Summary

Judgment (Doc. 157), and Petitioner's, Sukaini Kermali, Response (Doc. 163). Also before the Court is Petitioner's Petition of Interest In or Right Against Forfeited Assets and Petition for a Hearing ("Asset Petition") (Doc. 125). For the reasons stated herein, the Court will grant the United States' Motion for Summary Judgment and will deny Petitioner's Asset Petition.

## I. BACKGROUND

Petitioner's Asset Petition arises out of the criminal forfeiture of assets in the underlying criminal adjudication. On January 3, 2014, the Court accepted the guilty plea of Defendant Sikander Kermali and adjudged him guilty of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Doc. Nos. 76, 90). The Court entered a Preliminary Order of Forfeiture (Doc. 115) on March 4, 2014, which included an order of forfeiture of real property located at 1931 Little Gem Loop, Sanford, Florida 32773 ("subject property"). (*Id.* at 1).[1]

Petitioner is the wife of Defendant Kermali and claims an ownership interest in the subject property. (Asset Pet. at 1).[2] Petitioner and Defendant Kermali were married on September 20, 2002, and remain married. (Mot. Summ. J. at 4; Resp. at 2). The subject property was purchased during the marriage, on November 28, 2011, and titled solely in Defendant Kermali's name. (Mot. Summ. J. at 4; Resp. at 2). Petitioner alleges that the subject property was purchased jointly as a marital home, and that she contributed to the purchase of the home both financially and through non-monetary contributions of marital support. (Asset Pet. at 2).

Petitioner claims that she is entitled either to the continued use of the subject property or to proceeds from the sale of the subject property. (*Id.* at 3). The sole issue addressed by the Motion for Summary Judgment is whether, under Florida law, Petitioner has a legal interest in the subject property.

## II. LEGAL STANDARD

 "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).[3] In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). However, when faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.,* 131 F.3d 995, 999 (11th Cir.1997).

 Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548,

---

1. The original document does not have page numbers. Therefore, pinpoint citations refer to the electronic page numbers.

2. The original document does not have page numbers. Therefore, pinpoint citations refer to the electronic page numbers.

3. Although arising in the context of a criminal forfeiture, a third-party ancillary forfeiture proceeding pursuant to 21 U.S.C. § 853(n) is civil in nature. *United States v. Guerra,* 216 Fed.Appx. 906, 909 (11th Cir.2007). Thus, Federal Rule of Civil Procedure 56 governs motions for summary judgment in such proceedings. *United States v. Brown,* 509 F.Supp.2d 1239, 1241 (M.D.Fla.2007).

91 L.Ed.2d 265 (1986). "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F.Supp.2d 1257, 1262 (D.Kan.2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

■ "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F.Supp.2d at 1262 (quoting *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505); *see also LaRoche v. Denny's, Inc.*, 62 F.Supp.2d 1366, 1371 (S.D.Fla.1999) ("The law is clear ... that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## III. ANALYSIS

■■ Petitioner does not hold a legal interest in the subject property, and therefore, Petitioner lacks statutory standing to challenge the forfeiture proceedings. "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may ... petition the court ... to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). Accordingly, the Court cannot hear a petition unless it has been filed by a person with a legal interest in the forfeited property. *See also United States v. Bushay*, 34 F.Supp.3d 1260, 1266, No. 1:10–cr–521–2–TCB, 2014 WL 3827824, at *4 (N.D.Ga. Aug. 5, 2014) ("[Section 853(n)(2) ] is clear that only a

person other than the defendant with a 'legal interest' in the forfeited property may petition the court."). Whether or not a legal interest in property exists is a question of state law. *United States v. Morales*, 36 F.Supp.3d 1276, 1285–86, No. 6:12–cr–121–Orl–37KRS, 2014 WL 3866082, at *7 (M.D.Fla. July 16, 2014).

■ Petitioner does not hold legal title to the subject property; it is held solely by Defendant Kermali. (Deed, Doc. 157–2). Petitioner instead claims that she has a legal interest in the subject property because it was acquired during the course of her marriage and is marital property under Florida law. " 'Marital assets and liabilities' include ... [a]ssets acquired ... during the marriage, individually by either spouse or jointly by them." Fla. Stat. § 61.075(6)(a)(1)(a). The subject property was purchased by Defendant Kermali during the marriage and satisfies the Florida definition of a marital asset.

In Florida, however, there is no legal interest in marital assets until a judgment vesting such interest has been entered in a divorce proceeding. *Id.* § 61.075(8) ("Title to disputed assets shall vest only by the judgment of a court."); *see also United States v. Barber*, No. 8:13–cr–28–T–24TBM, 2014 WL 5473570, at *3 (M.D.Fla. Oct. 28, 2014) ("[Section 61.075] applies to a dissolution of marriage proceeding to determine the distribution and ownership of assets upon divorce. The statute does not vest title to the assets upon or *during* the marriage." (emphasis in original)); *United States v. Lima*, No. 8:09–cr–377–T–17TBM, 2011 WL 5525339, at *4 (M.D.Fla. Oct. 19, 2011), *adopted*, 2011 WL 5525354 (M.D.Fla. Nov. 14, 2011) ("[Petitioner's] interest in the [marital assets] would accrue only upon dissolution of the marriage and order of the court.").

Petitioner and Defendant Kermali are not divorced. Therefore, Petitioner has no

legal interest in the subject property. A party may not petition the Court pursuant to § 853(n) if he or she does not assert a legal interest in the forfeited assets. Accordingly, Petitioner lacks standing to assert her claim and no hearing is necessary. *Id.* at *2 ("A hearing is not required prior to ruling on a motion to dismiss where the third party fails to allege any legal right, title, or interest in the forfeited property.").

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The United States' Motion for Summary Judgment (Doc. 157) is **GRANTED.**

2. Petitioner Sukaina Kermali's Asset Petition (Doc. 125) is **DENIED.**