[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-10434
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 07, 2003
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00003-CR-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC WATKINS,

Defendant,

JAUNNA WATKINS,
COLLIN WILLIAMS,
LINCOLN WATKINS,

Interested Parties-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

**(February 7, 2003)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

MARCUS, Circuit Judge:

Jaunna Watkins ("Jaunna"), Collin Williams ("Collin") and Lincoln Watkins ("Lincoln") appeal the district court's dismissal of their petitions seeking the return of certain monies that were criminally forfeited to the government by defendant Eric Watkins ("Eric"). On appeal, these individuals assert that (1) the district court erred by finding that they had failed to demonstrate their entitlement to these monies under 21 U.S.C. § 853(n)(6)(A) or (B); and (2) the court deprived them of due process as guaranteed by the Fifth Amendment by failing to provide them with notice of the ancillary hearing at which the court entertained arguments as to the merits of their petitions.

In the context of third-party claims to criminally forfeited property, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Kennedy, 201 F.3d 1324, 1329 (11th Cir. 2000) (citing United States v. One Single Family Residence, 894 F.2d 1511, 1513 (11th Cir. 1990)).

Upon thorough review of the record and careful consideration of the parties' briefs, we find no reversible error and affirm.

The relevant facts are straightforward. On May 4, 2001, Eric was convicted under 21 U.S.C. §§ 841 and 846 of one count of conspiracy to possess with intent

to distribute five kilograms or more of a mixture containing a detectable amount of cocaine. Subsequently, the jury returned a special verdict of forfeiture against Eric in the amount of $100,000. On August 2, 2001, the district court entered a final order of forfeiture in this same amount.

On August 31, 2001, the United States filed a motion seeking the forfeiture of $68,380 as substitute property that was found in Eric's residence at the time of his arrest. On the same date, Lincoln filed an ancillary petition seeking the return of $15,000 that he allegedly gave to Eric prior to his arrest so that Eric could purchase an automobile for Lincoln. Collin filed a similar petition on September 4, 2001, alleging that he had given Eric $14,100 for an automobile. Juanna followed suit on October 2, 2001, claiming that she had given Eric $29,100 for business use and that she was entitled to the rest of the funds as Eric's wife.[1] Each of these third party claimants argued that the sum that he or she was owed constituted a portion of the seized $68,380.

On November 5, 2001, the district court held an ancillary hearing to address these petitions. Although neither Lincoln, Collin nor Juanna appeared at this hearing -- which appellants argue was a consequence of the court's failure to provide them with notice of the proceeding -- the government asked the court to

---

[1] It appears that Juanna argues only this second point on appeal.

accept appellants' factual allegations as true. The district court did so, and found that by their own accounts Lincoln and Collin were merely unsecured creditors of Eric, and as such were not entitled to recover any of the funds they sought. The district court further concluded that Juanna had failed to establish that she possessed any right to the forfeited funds that was superior to Eric's interest in those monies or that she was otherwise entitled to recover under 21 U.S.C. § 853(n)(6). Accordingly, on November 13, 2001 the court entered an amended final order of forfeiture memorializing these findings and dismissing the ancillary petitions of Lincoln, Collin and Juanna. On appeal, these individuals challenge the correctness of the district court's conclusions and its failure to afford them notice of the November 5, 2001 hearing.

Section 853(n)(6) states in plain terms that a third party claimant must make one of two showings in order to successfully assert an interest in property that is subject to criminal forfeiture. Specifically, this section provides, in full, that:

> If, after the [ancillary] hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>
> > **(A)** the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of

4

the acts which gave rise to the forfeiture of the property under this section; or

**(B)** the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

As we summarized in <u>Kennedy</u>, section 853(n)(6) "'protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant['s] at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and "bona fide purchasers for value" without knowledge of the forfeitability of the defendant's assets.'" 201 F.3d at 1328-29 (quoting <u>United States v. Reckmeyer</u>, 836 F.2d 200, 204 (4th Cir. 1987)).

In this case, even accepting appellants' factual allegations to be true, there is no question that under § 853(n)(6)(A) Lincoln and Collin cannot recover any funds that they gave to Eric in exchange for a promise to procure for them automobiles. This is so because, as appellants vigorously and explicitly concede, they gave Eric these monies after the conclusion of the conspiracy that gave rise to the forfeiture. <u>See</u> § 853(n)(6)(A) (requiring that the third party plaintiff possess a right to, or

interest in, the forfeited property "at the time of the commission of the acts which gave rise to the forfeiture"); Kennedy, 201 F.3d at 1331.

Moreover, it is equally evident that Lincoln and Collin were merely unsecured creditors of Eric, as they possessed no "attached" security interest in the funds they gave to him. See generally In re Dillard Ford, Inc., 940 F.2d 1507, 1511 (11th Cir. 1991) (noting that a "security interest must attach to the property [in question] in order to be enforceable"). The courts of appeals are split on whether an unsecured creditor may be considered a bona fide purchaser under § 853(n)(6)(B). The majority of courts to address this question have answered it in the negative. See United States v. Ribadeneira, 105 F.3d 833, 836 (2d Cir. 1997) (holding, in a case where the forfeited property was money, that general creditors could not be considered bona fide purchasers under § 853(n)(6)(B)); United States v. BCCI Holdings (Luxembourg), S.A., 46 F.3d 1185, 1191-92 (D.C. Cir. 1995) (holding that general creditors cannot qualify as bona fide purchasers under 18 U.S.C. § 1963(l)(6)(B), a provision of the Racketeer Influenced and Corrupt Organizations Act that is substantively identical to § 853(n)(6)(B));[2] United States

_____

[2]We have explicitly said that "§ 853(n) is 'substantively identical' to § 1963(l)." United States v. Gilbert, 244 F.3d 888, 906 n.47 (11th Cir. 2001) (quoting United States v. Ripinsky, 20 F.3d 359, 362 n.3 (9th Cir. 1994)). We further recognized in Gilbert that "[c]ases applying one of these analogous statutes have used section 853(n) and section 1963(l) cases interchangeably." Id. (citing United States v. Bissell, 866

6

v. Campos, 859 F.2d 1233, 1238 (6th Cir. 1988); United States v. McCorkle, 143 F. Supp. 2d 1311, 1319-20 (M.D. Fla. 2001). However, the Fourth Circuit has held that unsecured creditors may be considered bona fide purchasers under § 853(n)(6)(B).[3] Reckmeyer, 836 F.2d at 205-06.

Although we have not previously addressed this question, we agree with the majority view that unsecured or general creditors cannot be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B). Specifically, we share the concern expressed by the District of Columbia Circuit that were we to hold otherwise courts adjudicating forfeiture actions "would be converted into a bankruptcy court[s] and would not be able to grant forfeiture to the government until [they] determined that no general creditor would be unable to satisfy its claim against the defendant." BCCI Holdings, 46 F.3d at 1191-92. As the BCCI Holdings court continued:

> That result appears patently at odds with the statutory scheme, which directs parties without an interest in specific property to seek relief from the Attorney General, not the court adjudging the forfeiture. The

F.2d 1343, 1348 n.3 (11th Cir. 1989)).

[3]Specifically, the Fourth Circuit held that in cases where the debtor's entire estate has been forfeited to the government, concerns sounding in the deprivation of the due process rights of the debtor's unsecured creditors compelled the conclusion that such creditors were eligible to recover under § 853(n)(6)(B). Reckmeyer, 836 F.2d at 205-06.

7

Attorney General has the authority to dispense confiscated funds "to protect the rights of innocent persons," and general creditors seem precisely the type of innocent persons Congress had in mind.

Id. at 1192 (quoting 18 U.S.C. § 1963(g)(1)).  Notably, like § 1963(g)(1), section 853(i)(1) provides a means by which innocent third parties may petition the Attorney General for relief from a forfeiture order.  See 21 U.S.C. § 853(i)(1).

Moreover, as the Reckmeyer court correctly noted:  "Unlike secured creditors, general creditors cannot point to any one specific asset and claim that they are entitled to payment out of the value of that specific asset.  General creditors instead enjoy a legal interest in the entire estate of the debtor."  836 F.2d at 206 n.3.  By this very definition, unsecured creditors plainly fall outside the scope of § 853(n)(6)(B), which pertains to "bona fide purchaser[s] for value of the right, title or interest in the property [in question]."  21 U.S.C. § 853(n)(6)(B) (emphasis added); see also McCorkle, 143 F. Supp. 2d at 1320 (making this argument).

In a similar vein, we join the Sixth Circuit in noting that "unsecured creditors do not fit the traditional definition of 'bona fide purchasers.'"  Campos, 859 F.2d at 1238.  Indeed, "the term 'bona fide purchaser' . . . is generally understood to mean '[o]ne who has purchased property for value without notice of any defects in the title of the seller.'"  In re Walter, 45 F.3d 1023, 1030 (6th Cir.

8

1995) (quoting Black's Law Dictionary 177 (6th ed. 1990)) (emphasis added).

Because their interest lies against the debtor personally as opposed to any specific property that they purchased from the debtor, unsecured creditors simply cannot be considered bona fide purchasers as that term is commonly defined. See Campos, 859 F.2d at 1238 ("As this is a legal term of art, we are unwilling to give the phrase an unnatural meaning only for the purpose of subsection (n)(6)(B).").

Thus, because we conclude that unsecured creditors cannot be considered bona fide purchasers for value under § 853(n)(6)(B), neither Lincoln nor Collin can recover any part of the forfeited $68,380 under this subsection.

Juanna, by contrast, argues that she is entitled to the funds as a consequence of her marriage to Eric and their resultant status as tenants by the entirety. This claim is easily resolved, however, because we previously have held in the forfeiture context that "'[t]he very nature of the tenancy by the entireties prevents [a petitioner] from claiming that her title [to marital property] is superior to her husband's.'" Kennedy, 201 F.3d at 1331 (quoting United States v. Jimerson, 5 F.3d 1453, 1455 (11th Cir. 1993)). Accordingly, Juanna cannot prevail based on a "tenancy by the entirety" theory under § 853(n)(6)(A). Moreover, because it is undisputed that Juanna possesses no "attached" security interest in any portion of

the $68,380, she also is (at the most) an unsecured creditor of Eric, and as such she cannot recover under § 853(n)(6)(B) for the reasons set forth, supra.

Appellants' due process claims sounding in the district court's failure to afford them notice of the November 5, 2001 hearing are similarly unavailing; even assuming that appellants were impermissibly deprived of notice of the ancillary hearing, this error was harmless beyond any doubt. This is so for two reasons. First, appellants' lack of any meritorious claim to the forfeited funds renders their lack of notice non-prejudicial, i.e., harmless. See United States v. Gagliardi, 201 F.3d 429 (1st Cir. 1999) (unpublished table disposition) (deeming harmless the failure to afford a defendant notice of forfeiture proceedings against him where the defendant "utterly failed to state any grounds upon which he could contest th[e] forfeiture on the merits"); Adames v. United States, 171 F.3d 728, 732-33 (2d Cir. 1999); see generally United States v. Fifty-Two Thousand and Eight Hundred Dollars, 33 F.3d 1337, 1340-41 (11th Cir. 1994) (holding in a forfeiture case that the claimants' due process argument was unpersuasive because they had suffered insufficient prejudice). Second, the district court uncritically accepted as true each of the factual contentions offered by Lincoln, Collin and Juanna, thereby further mitigating any prejudice that appellants might otherwise have suffered from their lack of notice.

In sum, appellants were not entitled to recover under § 853(n)(6)(A) or (B) any funds that they gave to Eric. This inability to prevail on the merits in this case rendered any lack of notice of the November 5, 2001 hearing non-prejudicial, as did the district court's assumption at that proceeding that appellants' factual assertions were true. Accordingly, the court did not err in entering a final judgment of forfeiture against the $68,380 or by dismissing appellants' ancillary petitions.

**AFFIRMED.**