[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10602

_____

D.C. Docket No. 02-00038-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAHMOUD ELDICK,

Defendant,

MOUSTAFA ELDICK,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 1, 2007)**

Before ANDERSON, MARCUS and HILL, Circuit Judges.

HILL, Circuit Judge:

Appellant, Moustafa Eldick, intervened in the underlying criminal action in which his brother Mahmoud plead guilty to health care fraud and drug offenses and agreed to the forfeiture of certain real properties and bank accounts owned by him or by entities under his exclusive control. The district court held that Moustafa Eldick had no standing to challenge the forfeiture and entered judgment for the United States. Moustafa Eldick timely filed this appeal.I.

Moustafa Eldick and his brother Mahmoud operated a medical practice in which both provided medical services to patients. Mahmoud, however, was not a licensed physician. He had secured a medical license and a registration number authorizing him to prescribe and dispense controlled substances through fraud. In addition to illegally practicing medicine, Mahmoud illegally operated a pharmacy to which the patients of the medical practice were directed to fill their prescriptions.

In 2002, Mahmoud was indicted for executing a scheme to defraud health care benefit programs in connection with the delivery of payment for health care benefits, in violation of 18 U.S.C. § 1347 and 2; and for dispensing a controlled substance in violation of 21 U.S.C. § 841. The indictment included a forfeiture count, specifying certain real properties, brokerage and bank accounts, all of which were either owned in Mahmoud's name or in the name of entities that he

owned and over which he had exclusive control, and which the indictment alleged were purchased with proceeds from his fraudulent activities.

As part of his plea agreement, Mahmoud agreed to forfeit these properties. The government announced its intention to sell the forfeited properties and apply the proceeds to restore the victims, and the court entered a restitution order in the amount of $1,009,661.62, listing numerous victims of Mahmoud's fraud.[1]

After the Preliminary Order of Forfeiture was entered, Moustafa Eldick intervened in this action, claiming that he has an interest in the forfeited properties that is superior to that of the government's. The government contended that Moustafa Eldick had no standing to challenge the forfeiture.

Both parties filed cross-motions for summary judgment on the issue of standing, and, after a hearing, the district court held that Moustafa Eldick had no standing in this action and entered judgment for the government. We review the judgment of the district court *de novo*. *United States v. Kennedy*, 201 F.3d 1324, 1329 (11th Cir. 2000).

II.

---

[1]The Department of Justice has granted the U.S. Attorney's Office's request to pay the net proceeds of the sale of the subject properties to victims listed in the judgment in the criminal case. Any excess will be forfeited to the government.

In any action by the government pursuant to 18 U.S.C. § 982(a)(7) to forfeit property derived from the proceeds of a federal health care offense, the interest of third parties is governed by 21 U.S.C. § 853. Under Section 853, standing to challenge the government's forfeiture is achieved in one of two ways. The claimant must either have a legal right, title, or interest in the property subject to forfeiture that is superior to that of the government, or be a bonafide purchaser for value. 21 U.S.C. § 853(n)(6)(A) and (B). Moustafa Eldick concedes that he is not a bona fide purchaser; therefore, in order to have standing in this proceeding, he must have a legal right or interest in the forfeited property that is superior to that of the government.[2]

---

[2]Although he sought to establish a legal interest in the property under the statute in the district court, on appeal Moustafa Eldick argues that he has an equitable interest in the properties under a theory of constructive trust. He concedes that he did not present this theory to the district court, but argues that he presented facts sufficient to support such a recovery. He contends that because he argued his entitlement to the "disgorgement" of the properties, that the district court should have recognized that he was asking for a constructive trust.

We disagree. There are a myriad of different remedies associated with the concept of "disgorgement." A plaintiff may not impose upon the district court the burden of sorting out the facts, deciding which legal theories apply, and deciding which one is his best avenue to recovery. This is his counsel's job.

Nor is the requirement that a plaintiff specifically ask the district court to impose a "constructive trust" a matter of mere semantics. The requirement that counsel present all theories of recovery to the district court is not a legal technicality; it is substantive one.

A theory of recovery is a claim. The claim defines the scope of the litigation and sets the parameters for the proceedings before the court. The claim informs the court which facts must be considered and which are legally irrelevant. The claim directs the court's attention to the legal issues raised by these facts, about which the court draws the appropriate legal conclusions. This is not a random process. It is driven from the beginning by the nature of the plaintiff's claim.

As we noted above, Moustafa Eldick chose to present a claim under the statute to the district court. He thereby defined the scope of this litigation and directed the district court to

Moustafa Eldick asserts that he has an interest in the subject properties, bank and brokerage accounts that is superior to that of the government's because he, not his brother, is the *legal* owner of these properties. He claims that he "generated almost all the profits of the clinics." Furthermore, he notes, under applicable Florida law, he has a property interest in his professional services, and, therefore, in the profits derived therefrom. When his brother "secretly took the profits derived from [Moustafa Eldick's] professional services to purchase real property, to invest in the stock market, and to place in various bank accounts out of the reach of [Moustafa Eldick]," he was converting Moustafa Eldick's property interest in these profits to himself. Therefore, Moustafa Eldick concludes, he is the only brother who has a legally cognizable interest in the forfeitable properties, and this interest is, therefore, superior to the government's.

On the contrary, however, what this argument proves is that Moustafa Eldick has, at present, no legally cognizable interest in the forfeitable properties at all. His claim that he "owned" the proceeds of the practice and pharmacy and that these proceeds can be traced to the real properties and financial accounts owned

---

proceed under the statute. We do not agree that he presented the district court with the opportunity to consider or rule upon his present claim that he is entitled to the benefit of the imposition of a constructive trust on the forfeitable assets. We shall not consider for the first time on appeal whether a constructive trust could have been imposed in this case.

5

by his brother at the time of his plea does not establish a legal interest in those properties. *United States v. BCCI Holdings (Luxembourg) S.A.*, 69 F. Supp. 2d 36, 59 (D.D.C. 1999). "A fraud victim who voluntarily transfers property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor. Title to the funds in question no longer belongs to the victim; it belongs to the defendant." *Id. See also U.S. v. BCCI Holdings (Luxembourg), S.A. (Petition of BCCI Campaign Committee)*, 980 F. Supp. 16 (D.D.C. 1997) (fraud victims-employees claiming defendant misappropriated their pension fund lack standing to contest forfeiture of defendant's assets); *U.S. v. BCCI Holdings (Luxembourg), S.A. (Petition of Republic of Panama),* 833 F. Supp. 29 (D.D.C. 1993).

Even if the proceeds of the practice could be traced to the forfeitable properties, and even if Moustafa Eldick "owned" them at the time they were fraudulently converted by his brother as he alleges, he would be, at most, an unsecured creditor of his brother's. He would have a cause of action against his brother for the fraudulent conversion of the proceeds of the practice and pharmacy. But as the holder of such a chose in action, Moustafa Eldick is merely an unsecured creditor. We have held that such a creditor does not have an interest in forfeitable properties that is superior to that of the government's. *Watkins*, 320

F. 3d at 1283-84. Moustafa Eldick's interest in the forfeitable properties, therefore, is not superior to that of the government's in this proceeding.

Furthermore, whatever "ownership" interest Moustafa Eldick had in the proceeds of his brother's fraudulent medical practice was never superior to that of the government's. In order for a claimant's interest in forfeitable properties to be superior to that of the government, it must have vested *prior* to the crime giving rise to the forfeiture. A claimant in a forfeiture proceeding has an interest superior to that of the government's only if he:

> has a legal right, title or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right title, or interest of the defendant *at the time of the commission of the acts which gave rise to the forfeiture . . . .*

21 U.S.C. § 853(n)(6)(A) (emphasis added). In order to have a superior interest, then, the claimant must have had a legal right, title, or interest in the forfeitable properties that *preceded* the commission of the crime that gave rise to the forfeiture of that property. *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003); *United States v. Hooper*, 229 F.3d 818, 822 (9th Cir. 2000) (criminal forfeiture statute protects only "two types of transferees of forfeitable property: bona fide purchasers and those whose interest in the property antedated the

7

crime"). In *Hooper*, the Ninth Circuit concluded that the present incarnation of the criminal forfeiture statute "leads inevitably to the conclusion that § 853(n)(6)(A) is likely never to apply to proceeds of the crime."[3] This means that no third party could ever have an interest in the proceeds of the crime that is superior to that of the government's. *Id.*

This conclusion is supported by § 853(c) of the forfeiture statute, which provides that "[a]ll right, title, and interest in [forfeitable] property . . . of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section." Thus, the government's interest will be superior to that of anyone whose interest does not antedate the crime.

The proceeds of Mahmoud's practice, including any real properties purchased or bank or brokerage accounts funded with those proceeds, were all acquired after the commission of his crime – the fraudulent practice of medicine and dispensation of drugs. At the moment of the commission of that crime, all proceeds of that crime and any property acquired with those proceeds became the property of the United States. Therefore, Moustafa Eldick's interest in the forfeitable properties is not superior to that of the government's. *Id.*

---

[3]The court pointed out that the provision does, however, protect the owner of an instrumentality of the crime, as, for example, the wife whose husband uses the family car for drug trafficking. 229 F.3d at 822.

## III.

Accordingly, as he has no interest that is superior to that of the government's in the forfeitable properties, Moustafa Eldick does not have standing to challenge the government's forfeiture of his brother Mahmoud Eldick's properties and the judgment of the district court is due to be

AFFIRMED.