**UNITED STATES of America,**

v.

**Anthony Michael RAMUNNO, Jr. also known as Mick Ramunno, Defendant.**

**Criminal File No. 1:07–CR–61–TWT.**

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 24, 2008.

Anthony Michael Ramunno, Jr., Atlanta, GA, pro se.

Donald Franklin Samuel, Garland Samuel & Loeb, Atlanta, GA, for Defendant.

David Michael Leta, Paul Monnin, Evan S. Weitz, Office of United States Attorney, Atlanta, GA, for United States of America.

## ORDER

THOMAS W. THRASH, JR., District Judge.

This is a criminal action. It is before the Court on the Government's Motion to Dismiss the Petition to Amend Order of Forfeiture [Doc. 45].

### I.  *Background*

On February 20, 2007, the Defendant was indicted for various mail and wire fraud offenses. It is alleged within the indictment that the Defendant, beginning in late 2003, fraudulently induced victims to invest in a securities fund based upon fictitious earnings statements and forged audits of the fund. The loss to the investors was over $20 million and involved over 90 victims.

On May 1, 2007, the Defendant pleaded guilty to several counts of the indictment. As part of that plea, the Defendant agreed to forfeit funds seized from several bank accounts, as well as vehicles and real property. The value of the seized assets is estimated to be between five and six million dollars, depending on the resolution of several unresolved claims and liquidation by the U.S. Marshals Service. The Government intends to recommend to the Department of Justice that all of the forfeited funds be used for restitution to all of the Defendant's victims in accordance with the appropriate statutes and regulations.

Pursuant to Fed.R.Crim.P. 32.2, on May 15, 2007, this Court issued a Consent Preliminary Order of Forfeiture naming all of the seized assets subject to forfeiture as proceeds of the illegal conduct to which the Defendant has pleaded guilty. On June 29, 2007, Thomas Martin, as one of the approximately 100 victims of the Defendant's fraud, filed a Petition to Amend the Order of Forfeiture to return his complete investment of two million dollars out of the seized funds.

### II.  *Discussion*

In order to obtain the relief he requests, Mr. Martin must be able to show by a preponderance of the evidence that he had a legal interest in the property that was superior to the Defendant's at the time that the interest of the United States vested through the commission of an act giving rise to forfeiture or that he was a bona fide purchaser for value without knowledge of the forfeitability of the Defendant's assets. 21 U.S.C. § 853(n)(6); *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir.2003). Mr. Martin does not claim to be a bona fide purchaser for value. He does claim that the funds in the possession of the Defendant were subject to a "constructive trust" that gives him an interest protected under 21 U.S.C. § 853(n). "A fraud victim who voluntarily transfers property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor. Title to the funds in question no longer belongs to the victim; it belongs to the defendant." *United States v. Eldick*, 223 Fed.Appx. 837, 840 (11th Cir.2007) (*quoting United States v. BCCI Holdings (Luxembourg) S.A.*, 69 F.Supp.2d 36, 59 (D.D.C.1999)). An unsecured creditor does not have an interest in forfeitable properties that is superior to that of the government's. *Watkins*, 320 F.3d at 1283–84; *Eldick*, 223 Fed.Appx. at 840.

A constructive trust may be imposed only after applying traditional principles of equity and fairness. Mr. Martin is one of approximately 100 victims who suffered a combined loss in excess of $20 million. To allow only Mr. Martin to enjoy full recov-

ery from the limited pool of recovered assets at the expense of the remaining victims would render an inequitable and fundamentally unfair result. As the Fifth Circuit has stated:

> The ability to trace the seized funds ... is the result of the merely fortuitous fact that the defrauders spent the money of the other victims first. Allowing Claremont and Northernaire (third parties) to recover from the funds seized to the exclusion of the other victims under the tracing principle would be to elevate the position of those two victims on the basis of the actions of the defrauders.

*United States v. Durham,* 86 F.3d 70, 72 (5th Cir.1996). The only difference between Mr. Martin and the other victims is that he was defrauded last. This distinction should not dictate that he receive more of the forfeited assets than the other victims of the fraud. Indeed, all of the victims could claim that they should be the beneficiaries of constructive trusts. The Court would then have to weigh the competing claims and devise some formula to divide up the money. Under the statute, that task is to be performed by the Attorney General. 21 U.S.C. § 853(i).

### III. *Conclusion*

For the reasons set forth above, the Government's Motion to Dismiss the Petition to Amend Order of Forfeiture [Doc. 45] is GRANTED.