**UNITED STATES of America,**
**Plaintiff,**

v.

**James A. BRINTON, Defendant,**

**Elase, Inc., Third–Party Claimant.**

**Case No. 2:08CR00671 DAK.**

United States District Court,
D. Utah,
Central Division.

July 27, 2012.

Robert A. Lund, Tyler L. Murray, U.S. Attorney's Office, Salt Lake City, UT, for Plaintiff.

## ORDER

DALE A. KIMBALL, District Judge.

This matter is before the court on United States of America's ("Plaintiff") Motion to Dismiss Elase, Inc.'s ("Elase") petition to amend the court's April 6, 2012 preliminary order of forfeiture of real property (the "Property"). After carefully considering the memoranda and other materials submitted by the parties as well as the law and facts relating to this matter, the court renders the following Order.

## FACTS

This is a criminal *in personam* forfeiture action in which Plaintiff seeks to forfeit real property located in Provo, Utah from Defendant, James A. Brinton. On May 18, 2010, Brinton pled guilty to conspiracy to distribute phentermine and conspiracy to commit international money laundering. Brinton agreed to forfeit his interest in the Property as a proceed of his offenses. On April 6, 2012, a preliminary order of forfeiture was entered extinguishing Brinton's right, title, and interest in the Property.

On April 26, 2012, Elase filed a motion asserting an interest in the Property. However, Elase does not identify any specific interest in the Property, such as an ownership interest or lien. Elase contends that it is currently a defendant in four lawsuits that allege malpractice against Brinton. Elase may be held vicariously liable for Brinton's malpractice, and alleges it is entitled to indemnification from Brinton should any judgment be awarded against it. Elase does not claim any current, specific legal interest in the Property, but states it will seek indemnification from Brinton in the event that Elase is held vicariously liable for Brinton's malpractice.

## ANALYSIS

The United States moves to dismiss Elase's motion asserting an interest in the Property, arguing that Elase lacks standing because Elase's interest is not superior to the United States' and Elase does not qualify as a bona fide purchaser for value.

### A. Standard of Review

Criminal forfeiture ancillary procedures are governed by 21 U.S.C. § 853, made applicable by 28 U.S.C. § 2461(c), and the Federal Rule of Criminal Procedure 32.2(c)(1)(A) which permits a court to dismiss petitions prior to any hearing on the merits for lack of standing or failure to state a claim. All facts alleged in the petition are assumed to be true. *Id.* Such a motion is treated like a 12(b) motion under the Federal Rules of Civil Procedure. *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir.2004) (a motion to dismiss a third party claim in the ancillary proceeding is treated like a Rule 12(b) motion in a civil case; the petition may be dismissed if it is clear that no relief could be granted under any set of facts that could be proved consistent with the petitioner's allegations).

The petitioner has the burden of demonstrating its standing in an ancillary proceeding. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir.1999). "If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without pro-

viding a hearing." *United States v. BCCI Holdings,* 919 F.Supp. 31, 36 (D.D.C.1996) (citing *United States v. Campos,* 859 F.2d 1233, 1240 (6th Cir.1988)).

## B. Standing

### a. Standing Requirement for a Criminal Ancillary Proceeding

A criminal ancillary proceeding is the forum for determining whether a third party has a legal interest in property subjected to a preliminary forfeiture order. 21 U.S.C. § 853(n); Fed.R.Crim.P. 32.2(c); *United States v. Evanson,* 2008 WL 3107332 *2 n. 3 (D.Utah 2008). A party seeking to establish an interest in a property subject to criminal forfeiture must file a petition and assert a legal interest in the property. In addition, a party must set forth the extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, [and] any additional facts supporting petitioner's claim. 21 U.S.C. § 853(n)(3). However, "Congress did not intend section 853(n) to serve as a vehicle by which all innocent third parties who are aggrieved by an order of criminal forfeiture can petition for judicial relief." *United States v. Lavin,* 942 F.2d 177, 185 (3rd Cir.1991). Congress "intended only to accord standing to two narrow third parties" identified in 21 U.S.C. Sections 853(n)(6)(A) and 853(n)(6)(B). *Id.* These two parties are identified as those who can (A) show that their "legal interest in the property [was] superior to the defendants at the time the interest of the United States vested through the commission of the act giving rise to the forfeiture"; or (B) that they were a "bona fide purchaser for value without knowledge of the forfeitability of the defendant's assets." *United States v. Campos,* 859 F.2d 1233, 1239 (6th Cir.1988); *see also United States v. Watkins,* 320 F.3d 1279, 1282 (11th Cir.2003); *United States v. Reckmeyer,* 836 F.2d 200, 203 (4th Cir.1987).

### b. Superior Legal Interest Over The United States

■ Under the relation back doctrine, the government's interest in the Property vested when Brinton committed his criminal acts. 21 U.S.C. § 853(c). According to Brinton's own plea, his criminal scheme, which constituted the acts that gave rise to the forfeiture of the property, began on October 1, 2003. Therefore, on October 1, 2003, the government's interest in the Property vested. For Elase to have standing, it would have to allege its interest in the Property vested before October 1, 2003. *Watkins,* 320 F.3d at 1282. With the facts before this court, Elase can not establish a superior interest for two reasons.

■ First, in general, a third party's legal interest is determined under state law. *See United States v. Andrews,* 530 F.3d 1232, 1238 (10th Cir.2008). Under Utah law a right of indemnification does not accrue or vest until damages arise, and an obligation to indemnify only arises when there is something to be indemnified. *Pavoni v. Nielsen,* 999 P.2d 595, 598 (Utah App.2000); *Soderberg v. Holt,* 86 Utah 485, 46 P.2d 428, 430 (1935). According to Elase's Petition, there are four complaints pending against it due to Brinton's malpractice. But, with no judgment on these complaints, no damages have arisen and its right to seek indemnification from Brinton has not vested. Given that Elase has yet to obtain any legal interest in the Property, Elase does not have a vested interest in the property prior to October 1, 2003.

Second, Brinton admitted that his home was purchased with the proceeds of his crime. Section 853(n)(6)(A) states that a third party cannot assert any legal interest from the proceeds of a crime. This is

because the Government's interest relates back to the commission of the acts giving rise to the forfeiture. *See United States v. Hooper,* 229 F.3d 818, 821–22 (9th Cir. 2000). Even if the property is not a direct proceed, but is instead a traceable offense (like the house at issue here), the same rule applies. *See United States v. Eldick,* 223 Fed.Appx. 837, 840 (11th Cir.2007). For these reasons, Elase's interest in the property is not superior to the government's.

### c. Bona Fide Purchaser for Value

■ The only other basis for standing requires Elase to be a bona fide purchaser for value of the Property. 21 U.S.C. § 853(n)(6)(B). To qualify as a bona fide purchaser, Elase must establish that "it intentionally transferred value to [Brinton] with an expectation of receiving value in return." *Lavin,* 942 F.2d at 188. An expectation of receiving value is not enough, there must be an actual exchange for value to obtain an interest in the property. *See United States v. Kennedy,* 201 F.3d 1324, 1330 (11th Cir.2000). In addition to transferring actual value, the transaction has to be an "advertent, contractual transaction, as opposed to an inadvertent, tortious transaction." *Lavin,* 942 F.2d at 178.

Elase's claim is that it might be held vicariously liable for the Brinton's medical malpractice. With this being Elase's only claim, Elase's situation is similar to tort claimants who seek to have property that is subject to forfeiture used to satisfy their tort claims against criminal defendants. Such tort claimants, however, do not qualify as bona fide purchasers for value and do not have standing to challenge a criminal forfeiture. *United States v. Mageean,* 649 F.Supp. 820 (D.Nev.1986) *aff'd without opinion,* 822 F.2d 62 (9th Cir.1987). As in *Mageean,* it does not seem possible to stretch the definition of a bona fide purchaser to someone who only has potential indemnification interests against a person, such as Elase's claims against Brinton.

Even if Elase obtained an indemnification judgment against Brinton in the future, it would be a general unsecured creditor. An unsecured creditor of a defendant cannot satisfy 21 U.S.C. § 853(n)(2) because it requires proof of a legal interest in the specific asset subject to forfeiture. *United States v. Watkins,* 320 F.3d 1279, 1283 (11th Cir.2003). An unsecured creditor only has an interest in the defendant's estate as a whole, not a particular property. *Id.* Since the unsecured creditor has no specific legal interest in a specific property that is subject to forfeiture, the unsecured creditor cannot challenge the forfeiture of that property pursuant to § 853(n). *Id.*

With the facts at hand, Elase has not alleged any transaction whereupon it transferred anything of value in exchange for an interest in the Property. Without any facts showing a contractual transaction occurred or that it is more than a potential unsecured creditor, Elase lacks standing as a bona fide purchaser under 21 U.S.C. § 853(n)(6)(B).

### Conclusion

For the foregoing reasons, Plaintiff's motion to dismiss Elase's petition is GRANTED.