UNITED STATES of America,
Plaintiff,

v.

David YOUNG, Defendant.

John Pierce and Jamison McAllister,
Third Party Petitioners.

Case No. 2:12–cr–00502–TC.

United States District Court,
D. Utah,
Central Division.

Signed Oct. 6, 2014.

Robert A. Lund, Cy H. Castle, Stewart M. Young, Tyler L. Murray, U.S. Attorney's Office, Salt Lake City, UT, for Plaintiff.

Brett L. Tolman, Eric G. Benson, Mica McKinney, Ray Quinney & Nebeker, Salt Lake City, UT, for Defendant.

## ORDER

TENA CAMPBELL, District Judge.

On December 13, 2013, Defendant David Young pleaded guilty to money laundering and conspiring to violate the Procurement Integrity Act. As part of his plea, Mr. Young agreed to forfeit his interest in assets related to his conviction, including properties connected to two entities, Welventure and HCH. (Statement by Def. in Advance of Plea of Guilty ¶ 12(A)(3)(a), Dkt. No. 527.) The court ordered the forfeiture of these and other assets related to Mr. Young's convictions in its March 4, 2014 Order of Forfeiture (Dkt. No. 553).

On April 11, 2014, Petitioners John Pierce and Jamison McAllister filed a *pro se* petition, contending that they were acting on behalf of themselves, "up to 54 families of former contractors," Welventure, HCH, and "other potential members of interest" and were asserting rights to "all assets as members of interest in Welventure and all interests in Hernando County Holdings' Properties." (Petition ¶ 1, Dkt. No. 558.) Only Mr. Pierce signed the petition.

A month later, Mr. Pierce filed a second petition in which he claimed that he and Mr. McAllister were the "only two remaining members of interest" in Welventure

and HCH and that they "now have all interest except for Young's forfeited 10% interest in the assets...." (Second Petition ¶¶ 2, 3, Dkt. No. 567.) Again, only Mr. Pierce signed the petition. The United States has filed a motion to dismiss the petition. The petitioners have not opposed the motion. The United States raises a number of arguments in support of their motion, including an argument that the petitioners have failed to establish their standing to assert claims to the forfeited property. The court grants the motion based on lack of standing and does not reach the other arguments.

To claim an interest in property subject to criminal forfeiture, a petitioner must establish standing by asserting a "legal interest in the property which has been ordered forfeited to the United States." 21 U.S.C. § 853(n)(2); *United States v. Brinton*, 880 F.Supp.2d 1158, 1159–60 (D.Utah 2012). If a petitioner lacks standing, the court may, on motion, dismiss the petition. Fed.R.Crim.P. 32.2(c)(1)(A).

██ Neither Mr. Pierce nor Mr. McAllister has authority to act on behalf of Welventure or HCH. Defendant David Young created both entities as LLCs under Florida law. The court in *In re Whittle*, 449 B.R. 427, 430 (Bkrtcy.M.D.Fla. 2011) explained:

> Plaintiffs orally argued that, by virtue of their membership in the LLC, its damages are their own personal damages. This argument fails because it disregards the fact that [the LLC] is a separate legal entity created pursuant to Florida statutes. The Florida statutory scheme is clear that a limited liability company holds property separate and apart from the property of its members.

Mr. Pierce and Mr. McAllister are not listed in the corporate records as managers. Moreover, the United States sent notice of the forfeiture to the LLCs' listed agents and managers and their attorneys.

None of these people filed a petition on behalf of Welventure or HCH and the time for filing petitions has passed.

██ If Mr. Pierce and Mr. McAllister filed their petitions on the grounds that they are members of Welventure and/or HCH and so have an interest in the property, they are incorrect. Established case law has made clear that shareholders of a corporation and members of an LLC do not have standing to challenge the forfeiture of the entity's assets. *United States v. All Funds in the Account of Prop. Futures, Inc.*, 820 F.Supp.2d 1305, 1333 (S.D.Fla.2011) (like shareholders in a corporation, members of an LLC lack standing to contest the forfeiture of the LLC's assets; they are merely general, unsecured creditors of the LLC).

Because Petitioners lack standing to file a petition, the United States' motion (Dkt. No. 569) is GRANTED and the petitions are DISMISSED.