[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13516
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00370-SCB-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE H. DORMAN,
a.k.a. Howie,

Defendant,

IRIS DORMAN,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 10, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Iris Dorman, a third-party claimant under 21 U.S.C. § 853(n), appeals the district court's order concluding that she had only a one-half interest in real property and that the other half interest, belonging to her son Lawrence, is subject to criminal forfeiture.   Iris contends that the special warranty deed's language making her and Lawrence "joint tenants with right of survivorship" is overcome by their intent to create only a survivorship interest.

I.

After Lawrence pleaded guilty to production of child pornography, in violation of 18 U.S.C. § 2251, the district court entered a preliminary order of forfeiture of various property purportedly owned by him, including a house located at 3127 Gardner Road in Lakeland, Florida.  Iris filed a third-party petition claiming to be the sole owner of the house.

The district court held a hearing on Iris' petition.  Iris testified that, in December 2011, Lawrence had given her a cashier's check with the proceeds of an insurance settlement he received following a car accident.  Although the cashier's check included the notation "house payment," Iris insisted that the check was intended to pay off a longstanding debt and that she was free to use the money however she liked.  In May 2012, she used it to purchase the Gardner Road house.

Iris explained that she purchased the house, which was close to where she lived, because Lawrence had a lot of medical and legal issues and she wanted to keep a close eye on him. Iris put Lawrence's name on the special warranty deed so he would have a place to live when she died and because she already owned a home for which she had filed a homestead exemption. Iris testified that she paid taxes and maintenance expenses on the house. She acknowledged, however, that Lawrence lived there full-time and it was homesteaded in his name. [1]

The district court denied Iris' petition, finding that the unambiguous language of the deed created a joint tenancy with right of survivorship and "the equities are not even in [Iris'] favor." The court specifically noted that the house was purchased with Lawrence's money, he lived there, and he homesteaded it. The court concluded that the one-half interest in the property owned by Lawrence was subject to forfeiture.

This is Iris' appeal.

II.

---

[1] The government offered into evidence recordings of Iris' telephone conversations with Lawrence while he was in jail. In those recordings, Iris repeatedly referred to the house as belonging to Lawrence. For example, she warned him at one point that "[the government] is going to try to take your house." (emphasis added). Later in the conversation, after Lawrence said "they can't touch my house," she responds, "[d]on't say 'my.' Because I couldn't put it — I couldn't put a homestead on it. I had to put your name on it. That's what I told your lawyer . . . you don't tell him no different."

3

"In the context of third-party claims to criminally forfeited property, we review the district court's factual findings for clear error and its legal conclusions de novo." United States v. Watkins, 320 F.3d 1279, 1281 (11th Cir. 2003).

Under 21 U.S.C. § 853(n), a third party asserting an interest in forfeited property bears the burden of demonstrating, by a preponderance of the evidence, that: (1) she has a legal right to the property and (2) that right renders the forfeiture invalid. 21 U.S.C. § 853(n)(6)(A). In a joint tenancy with right of survivorship, each tenant owns a separate share of the property and, for purposes of alienation, each share is presumed to be equal. Beal Bank, SSB v. Almand & Assocs., 780 So. 2d 45, 53 (Fla. 2001). Thus, "a creditor of one of the joint tenants may attach the joint tenant's portion of the property to recover that joint tenant's individual debt." Id.

Here, the district court correctly concluded that Iris and Lawrence each owned a one-half interest in the property and that the interest owned by Lawrence was subject to forfeiture. The plain language of the special warranty deed clearly states that Iris and Lawrence are "joint tenants with right of survivorship." Iris does not dispute that Lawrence lived in the house and homesteaded it. And the district court did not clearly err in finding non-credible Iris' testimony that the money used to purchase the house was her money and that she did not intend to convey anything other than a survivorship interest to Lawrence. See United States

4

v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses.").  Simply put, Iris did not establish that she has a legal right to the property that renders this criminal forfeiture invalid.

**AFFIRMED.**