**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-13694

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JIM CARTER, JR.,

*Defendant,*

ANGELA LEWIS,

*Claimant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cr-00287-TES-JTA-1

————————————————

Before NEWSOM, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

The appellant, Angela Lewis, appeals the district court's order granting the government's motion for forfeiture, seeking forfeiture of property involved in an offense including real property and premises located at 3835 Edgar D. Nixon Avenue, Montgomery, Alabama. Pursuant to 21 U.S.C. § 853(a), the district court ordered the government to provide notice to any potential third parties with an interest in the property. Angela Lewis filed a claim on the property as an innocent owner with no knowledge of criminal activity committed at the property. The government contested the claim, and following a hearing, the district court found that Lewis was a nominee owner of the property and granted forfeiture to the government. After reading the parties' briefs and reviewing the record, we affirm the district court's order of forfeiture.

## I.

In 2024, police investigated Jim Carter, Jr., whom authorities believed was the leader of a drug distribution ring operating in the Middle District of Alabama. Based on wiretap information, agents obtained a search warrant for 3835 Edgar D. Nixon Avenue in Montgomery, Alabama ("the property"). Agents believed the property was Carter's stash house and intercepted calls led the agents to believe that cocaine would be arriving at the property on June 10, 2024. As the agents approached the property, they spotted Carter at the back of a vehicle, which was backed up to the front door of the property. After taking Carter into custody, the agents found in the bed of the truck two car batteries, each containing three kilograms of cocaine. Agents searched the house and found more

powder cocaine, crack cocaine, empty disassembled batteries, scales, and a vacuum sealer.

Following a trial, a jury convicted Carter of drug violations. The government filed a motion for a preliminary order of forfeiture, seeking forfeiture of property involved in the offense, including real property located at 3835 Edgar D. Nixon Avenue. The district court granted the motion and ordered the government to provide notice to any potential third parties with an interest in the property. Soon thereafter, Carter placed a call to Lewis inquiring if she had received anything in the mail about the forfeiture of the property. Carter told Lewis that when she received the notice, she should contact a lawyer to assist her in retaining the property. Lewis responded that she did not want anything to do with the matter. Carter made several other calls to Lewis regarding the property, specifically telling her to claim that the property was a rental property. Carter's calls were made from jail and recorded.

In late June, Lewis filed her claim on the contested property, alleging that she was an innocent owner claimant who had no knowledge of any criminal activities at the property. The district court conducted a hearing on the forfeiture claim. At the hearing, the government argued that Lewis was a nominee owner, and that Carter was the actual owner of the property. The district court questioned Lewis who testified that she paid cash for the property during a tax sale in October of 2019, that she never lived on the property, and that she and Carter spent time and money repairing the property with the intention of renting it. Lewis testified that

Carter had received a PPP loan for $24,000, and he used some of that money to renovate the property.

In addition to submitting the jail calls between Carter and Lewis, the government introduced a power bill for the property that listed Carter as the responsible party for payment, real property tax records showing that Carter paid the taxes until he was incarcerated, and a water bill indicating that Carter set up the utility for the property. The government called Elmore County Sheriff's Office narcotics agent James Talley to testify about the investigation he conducted with DEA Special Agent Skeldon into Carter's drug activities. Talley testified that during his surveillance, he never saw Lewis at the property, but saw Carter there, and he detected no full-time residents at the property.

The district court concluded that there was no question that the property was a trap house used for drug distribution. The district court noted that the presence of disassembled batteries, scales, packaging, and drugs in the house, the surveillance evidence, and the documents showing the utilities in Carter's name, led it to conclude that Carter exercised control over the property and Lewis was a nominee owner only. Thus, the district court granted the government's motion for forfeiture of the property.

## II.

This court reviews the district court's findings of fact for clear error and its legal conclusions *de novo*. *United States v. Kennedy*, 201 F.3d 1324, 1329 (11th Cir. 2000).

### III.

Lewis contends that the district court erred in granting the government's motion for forfeiture of the property because she demonstrated that she owned the property, that she acquired the property before any alleged illegal acts occurred on it, and that she planned to use it as rental property. Based on this evidence, Lewis claims that the district court erred in concluding that she was a nominee owner. The government responds that Lewis did not demonstrate, by a preponderance of the evidence, that she owned the property and that the district court erred in concluding that she was a nominee owner.

Pursuant to 21 U.S.C. §853(n)(2), a person "other than the defendant, asserting a legal interest in property which has been ordered forfeited . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." This third-party petitioner bears the burden of proof in the forfeiture ancillary proceeding, and to prevail, she must establish by a preponderance of the evidence that she has a superior interest or is a bona fide purchaser reasonably without cause to believe that the property is subject to forfeiture. *Id.* at §853(n)(6) (petitioner must show that the subject property "was vested in the petitioner rather than the defendant" or that the petitioner had a superior right, title, or interest of the defendant "at the time of the commission of the acts which gave rise to the forfeiture of the property under this section."). These are the only two grounds for relief. *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003); *see also Kennedy*, 201 F.3d at 1328-29.

**IV.**

We conclude from the record that the district court correctly found that Lewis did not meet her burden because she did not show that she had a superior interest in the property at the time of the criminal activities.  Lewis has offered no evidence that she exercised any form of dominion or control over the forfeited property, and she has not shown that the district court's factual findings were clearly erroneous.  At the hearing, the only evidence Lewis presented was the deed with her name on it that she obtained during her 30-year relationship with Carter.  To the contrary, the government showed that Carter performed the work on the property, paid the utilities, paid the taxes, and used the house to facilitate his drug conspiracy.  The agent testified that while he conducted surveillance, he never saw Lewis at the property, but saw Carter.  The recorded phone calls show that Carter instructed Lewis on how to pursue a challenge to the forfeiture and exactly what to write in her challenge.  This evidence is sufficient to show that Carter had dominion and control over the property, and that Lewis was a nominee owner of the property.

Accordingly, based on the aforementioned reasons, we affirm the district court's order granting forfeiture of the property at 3835 Edgard D. Nixon in Montgomery, Alabama, to the government.

**AFFIRMED**.